COMMERCIAL UNION INSURANCE COMPANY *v.*
FRANK PERROTTI AND SONS, INC., ET AL.
(7353)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued September 13—decision released November 21, 1989

*W. Martyn Philpot, Jr.,* assistant corporation counsel, with whom was *Merle Berke-Schlessel,* for the appellants (plaintiffs).

*Harold C. Donegan,* with whom, on the brief, was *Linda A. LaTorraca,* for the appellee (named defendant).

*Frederick J. Trotta,* with whom, on the brief, was *Joseph F. Trotta,* for the appellee (defendant K-Mart Corporation).

DUPONT, C. J. This is an appeal from the trial court's granting of directed verdicts in favor of the defendants. The plaintiff Commercial Union Insurance Company (Commercial) brought an action against the defendants, seeking reimbursement for sums paid to the city of New Haven, under a contract of insurance, for repair of a bulldozer damaged by a fire at a city landfill. The city intervened as a party plaintiff, seeking reimbursement for the cost of renting a replacement bulldozer while the damaged bulldozer was under repair.[1] The trial court directed the jury to render a verdict for the defendants because the court found that the allegations in the plaintiffs' complaints were insufficient to allege that the proximate cause of the harm to the city and to Commercial was the negligence of the defendants, and that the plaintiffs, in any event, failed to prove that their harm was caused by the defendants' negligence. The trial court also dismissed cross complaints that had been filed by the defendants seeking indemnification from other defendants.

---

[1] Commercial and the city filed separate complaints.

The allegations of the plaintiffs' complaints were essentially the same. One defendant, Frank Perrotti and Sons, Inc. (Perrotti), picked up trash at the premises of another defendant, K-Mart, Corporation (K-Mart).[2] Unknown to the Perrotti driver, the trash in the closed container included several damaged but full fuel cans containing flammable fluid. The driver loaded them in his dumpster and proceeded to the town landfill, where the trash, including the cans, was deposited. Soon thereafter, a fire was discovered in the same pile of trash. A city bulldozer was used in an attempt to extinguish the fire by covering it with dirt, and the bulldozer itself caught fire.

Both plaintiffs stated in their pleadings that K-Mart negligently and carelessly placed several containers of flammable liquid in its trash bin; that it knew or should have known that the Perrotti driver would deposit the cans in the town landfill; that the driver transported the cans to and deposited them at the landfill in violation of city regulations, despite a notice clearly posted at the entrance to the landfill prohibiting the deposit of flammable substances therein; that, as a direct result, combustion occurred and a fire in the landfill resulted; that the bulldozer operator tried to extinguish the blaze by covering it with dirt; that the bulldozer became engulfed in flames; and that its electrical system, fuel lines and other parts therefore were destroyed.

The dispositive issues in this case are whether the allegations of the plaintiffs' complaints are sufficient to state causes of action against the defendants, and,

---

[2] The plaintiffs have withdrawn their appeal from the directed verdict in favor of Tobacco Valley Sanitation Service Company, a third defendant. Tobacco Valley subcontracted its contract for trash removal with K-Mart to Perrotti.

Because the court found neither K-Mart nor Perrotti liable, it dismissed Perrotti's cross complaint against K-Mart.

if so, whether the evidence was sufficient to prove the allegations of the causes of action by a fair preponderance of the evidence.[3]

A verdict may be directed only where the jury could not reasonably reach any other conclusion; *Boehm* v. *Kish,* 201 Conn. 385, 389, 517 A.2d 624 (1986); *Morales* v. *Trinity Ambulance Service,* 9 Conn. App. 386, 387, 519 A.2d 90 (1986), cert. dismissed, 202 Conn. 806, 520 A.2d 1287 (1987); or where the decisive question is one of law. *Lombardi* v. *J.A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 23, 213 A.2d 449 (1965); *Simmons* v. *Southern Connecticut Gas Co.,* 7 Conn. App. 245, 250, 508 A.2d 785 (1986); *Living & Learning Centre, Inc.* v. *Griese Custom Signs, Inc.,* 3 Conn. App. 661, 491 A.2d 433 (1985). Here, a verdict was directed in favor of the defendants, based, in part, on the court's conclusion that the allegations in the complaints were insufficient as to causation.

In assessing the sufficiency of the allegations in the complaints, the court must consider those allegations in the light most favorable to the plaintiff. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980);

---

[3] The plaintiffs further claim error in the trial court's denial of their request to amend their complaints. Their request to amend was not made until after they had completed their case-in-chief. The granting of a belated request to amend is discretionary. *Web Press Services Corporation* v. *New London Motors, Inc.,* 203 Conn. 342, 360, 525 A.2d 57 (1987); *Carchrae* v. *Carchrae,* 10 Conn. App. 566, 569, 524 A.2d 672 (1987). A decision of the trial court on a belated motion to amend a complaint is rarely overturned. *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 67, 485 A.2d 1296 (1985); *Citizens National Bank* v. *Hubney,* 182 Conn. 310, 313, 438 A.2d 430 (1980). Since we hold that the allegations of the original complaints were sufficient to state causes of action, it is not necessary to review this claim of error. We note, however, that the proposed amendments to the complaints were not preserved as part of the record, and were not marked as exhibits for identification. Therefore, had we found the allegations in the original complaints insufficient as a matter of law, we would nevertheless have been unable to review the claim.

*Perruccio* v. *Arseneault,* 7 Conn. App. 389, 393, 508 A.2d 831 (1986). "The modern trend is to read the pleadings broadly and realistically rather than technically." *DeMartin* v. *Yale-New Haven Hospital,* 4 Conn. App. 387, 390, 494 A.2d 1222, cert. denied, 197 Conn. 813, 499 A.2d 62 (1985). " 'What is necessarily implied need not be expressly alleged.' " *Wright* v. *Brown,* 167 Conn. 464, 470, 356 A.2d 176 (1975). In determining whether a pleading sufficiently states a cause of action, the facts alleged are viewed "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." *Schmidt* v. *Yardney Electric Corporation,* 4 Conn. App. 69, 74, 492 A.2d 512 (1985).

It is true that no single allegation in either of the complaints specifies that a spark was struck at a particular moment or in a particular manner. The complaints, however, clearly allege actions by both defendants that, taken as a whole, considered in the light most favorable to the plaintiff, construed broadly and taking into account what is implied as well as what is expressly alleged, would enable the jury reasonably to infer causation.

As to K-Mart, the complaints clearly alleged that the department manager negligently instructed his employee to deposit the cans of combustible liquid in the dumpster. As to Perrotti, the complaints clearly alleged that it had violated the city's regulations prohibiting deposits of flammable substances by wastehandlers and others in the city's landfill.

Perrotti argues that the plaintiffs' pleading of causation is insufficient as to it because the complaint alleged no breach of duty that would support a cause of action in negligence. It argues that it had no duty to inspect all trash before depositing it at the landfill and that its driver, therefore, could not be expected

to be aware of the presence of the cans. The complaint, however, does not rely on common law negligence, but rather upon an alleged breach of an ordinance, that, if it occurred, could have been proved to be negligence per se, so that no other breach of duty on its part would be required. See *Staudinger* v. *Barrett,* 208 Conn. 94, 101, 544 A.2d 164 (1988). If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated. See *Wu* v. *Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1987).

K-Mart does not argue that the allegations of the complaints are insufficient to state a cause of action as to it, but argues instead that the plaintiffs failed to prove that any negligence on its part was the proximate cause of the damages sustained by the plaintiffs. Allegations in both of the plaintiffs' complaints were that K-Mart was negligent because it included cans of a flammable nature in its trash and rubbish collection, and that it knew or should have known that those cases would be taken to a landfill by Perrotti. Those allegations were sufficient to state a cause of action against K-Mart. See *Lombardi* v. *J.A. Bergren Dairy Farms, Inc.,* supra, 22–23. Thus, the allegations in the plaintiffs' complaints were sufficient to state causes of action against both Perrotti and K-Mart.

The second basis on which the trial court directed the verdict for the defendants was its conclusion that no proof was offered by the plaintiffs as to the cause of the fire. Directed verdicts are disfavored; *Boehm* v. *Kish,* supra, 394; and a directed verdict is justified only "if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed; [*Petyan* v. *Ellis,* 200 Conn.

243, 244, 510 A.2d 1337 (1986)]; *McDonald* v. *Connecticut Co.,* 151 Conn. 14, 17, 193 A.2d 490 (1963); or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party." *Boehm* v. *Kish,* supra, 389. Moreover, when reviewing the decision of the trial court to direct a verdict, the Appellate Court must consider the evidence presented in the light most favorable to the plaintiff. Id., 388; *Amodio* v. *Cunningham,* supra; *Campbell* v. *Pommier,* 5 Conn. App. 29, 31, 496 A.2d 975 (1985). The question of proximate cause is ordinarily a question of fact for the trier. *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983); *Burns* v. *Gleason Plant Security, Inc.,* 10 Conn. App. 480, 485, 523 A.2d 940 (1987). Proximate cause "becomes a question of law . . . [only] ' "when the mind of a fair and reasonable man could only reach one conclusion . . . ." ' " *Burns* v. *Gleason Plant Security, Inc.,* supra. Although the jury cannot base its conclusions upon "mere guess or speculation," it is entitled to draw reasonable inferences from the evidence before it. *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 163, 75 A.2d 385 (1950). Causation need not be proven by direct evidence, but can be inferred from circumstantial evidence. *Facey* v. *Merkle,* 146 Conn. 129, 135, 148 A.2d 261 (1959); *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473 (1958); *Colligan* v. *Reilly,* 129 Conn. 26, 29–30, 26 A.2d 231 (1942). As long as some evidence of causation is introduced, the question of whether the evidence is sufficient to establish proximate cause should go to the jury. *Colligan* v. *Reilly,* supra.

Here, although other hypothetical events have been postulated by the defendants as possible causes of the fire, the jury could reasonably have concluded that K-Mart's act of depositing full cans of flammable fuel in its trash, to be transported to the dump, was a proximate cause of the fire. For example, the jury could

have believed that spontaneous combustion resulted or that a spark from Perrotti's truck ignited the discarded fuel. The test for whether proximate cause exists is whether the harm suffered is "of the same general nature as the foreseeable risk created by the defendant's negligence." *Mehri* v. *Becker,* 164 Conn. 516, 521, 325 A.2d 270 (1973); *Burns* v. *Gleason Plant Security, Inc.,* supra. The harm suffered by the plaintiffs was of the same general nature as the foreseeable risk caused by K-Mart's acts. Sufficient evidence of causation as to K-Mart was presented, and the question of causation should have been submitted to the jury. Furthermore, the plaintiffs need not have eliminated other possible causes in order for a jury to find the evidence on causation sufficient; they merely had to establish that the defendants' negligence was a "substantial factor" in the injury suffered by the plaintiffs. *Wu* v. *Fairfield,* supra; *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 687, 443 A.2d 478 (1982).

Section 16-13 of the New Haven Code of Ordinances requires that all "combustible materials . . . shall have been separated from . . . other rubbish before reaching said dumping place or ground and upon reaching said dumping place or ground each shall be dumped or deposited in the place or on the ground where designated by the person in charge thereof, or by signs erected for that purpose." Violation of the ordinance could have been shown to constitute negligence per se. *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 380 n.7, 441 A.2d 620 (1982). Perrotti's argument, therefore, that it did not have a duty to inspect the trash in order to separate the flammable material from other trash, and that it was unaware of the presence of the cans of combustible liquid, is irrelevant. If a violation of the ordinance had been proved, the jury could have concluded that the violation constituted negligence per se. See D. Wright & J. FitzGerald, Connecticut Law of Torts (2d. Ed.) § 38.

The trial court refused to allow the ordinance to be admitted into evidence, and the plaintiffs objected. The ordinance was relevant and necessary to proof of the allegations of the plaintiffs' complaints. Had the ordinance been introduced, the jury would have had the option of deciding whether the ordinance was violated, and, if so, whether that violation was a proximate cause of the plaintiffs' damages. The exclusion of the ordinance, therefore, constituted error.

The trial court was technically correct in directing a verdict for Perrotti, but that is so only because the court itself prevented the plaintiffs from introducing the requisite evidence that would have prevented a directed verdict.

We conclude that the allegations in the complaints were sufficient to support a cause of action in negligence against both K-Mart and Perrotti, and that enough evidence was offered so that a jury could have found K-Mart's negligence to be a proximate cause of the plaintiffs' harm. Therefore, the trial court erred by directing a verdict for the defendant K-Mart. The failure of the court to allow the introduction of the ordinance prevented a jury from holding Perrotti liable. A new trial is necessary to allow the plaintiffs to prove their case against Perrotti, and a new trial also is necessary because the court should not have directed a verdict for K-Mart.

The plaintiffs also argue that the trial court erred in not treating them as two separate plaintiffs for purposes of cross-examination and for determining the number of peremptory challenges to which they were entitled. Although we need not reach this question in view of our decision that the court should not have directed verdicts for the defendants, we will nevertheless address the question because it is likely to recur on retrial. *Mourison* v. *Hansen,* 128 Conn. 62, 67, 20 A.2d 84 (1941).

The plaintiffs here did not use all of their peremptory challenges, cross-examination was not limited, and the directed verdicts eliminated any possibility that the plaintiffs were injured by juror bias. The plaintiffs were, therefore, not harmed by the treatment of them as one party, but upon retrial the possibility of harm by such treatment exists.

"[W]here there are several plaintiffs or defendants . . . each is entitled to . . . [be treated as a 'party' for the purpose of determining the number of] peremptory challenges . . . [to which he or she is entitled]."[4] *Mourison* v. *Hansen,* supra; see also *Krause* v. *Almor Homes, Inc.,* 147 Conn. 333, 160 A.2d 753 (1960); *Reid* v. *New Haven,* 133 Conn. 446, 52 A.2d 140 (1947). Under General Statutes § 51-241, each plaintiff here is therefore entitled to three peremptory challenges. We agree with the plaintiffs that they should have been treated as two separate parties for purposes of determining the number of peremptory challenges they could exercise.[5]

The plaintiffs argue that they should also have been treated as two separate parties for purposes of cross-examination. We agree. In a civil case, the Supreme Court has held that "[t]he right of cross-examination is not a privilege but is an absolute right and if one is deprived of a complete cross-examination he has a right to have the direct testimony stricken. . . . It is only after the right of cross-examination has been substan-

---

[4] The case of *Orselet* v. *DeMatteo,* 206 Conn. 542, 539 A.2d 95 (1988), relied on by the defendant Perrotti, is inapposite to the question raised by the facts of this case. *Orselet* holds that where the parties are subrogor and subrogee, there is but one cause of action for purposes of res judicata. Id., 546–47.

[5] The plaintiffs also claim error in the trial court's decision to exclude a fire chief's testimony because the plaintiffs had not previously revealed him as an expert witness. Since this issue is not likely to recur on retrial, we do not decide it.

tially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court." *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 271, 320 A.2d 811 (1973).

There is error, the judgment is set aside as to Frank Perrotti and Sons, Inc., and K-Mart Corporation, the dismissals of the cross complaints filed by Frank Perrotti and Sons, Inc., and by K-Mart Corporation are set aside, and the case is remanded for a new trial.

In this opinion the other judges concurred.