[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (107)
In this appeal from Probate, defendant, Lynn Dailey, has moved to strike the fourth paragraph of the plaintiff's revised reasons of appeal for the reason that this paragraph fails to state a cause of action upon which relief can be granted.
The motion to strike cannot be granted for two reasons. First, as the court said in Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 256-257.
 "In assessing the sufficiency of the allegations in the complaints, the court must consider those allegations in the light most favorable to the plaintiff. The modern trend is to read the pleadings broadly and realistically rather than technically. What is necessarily implied need not be expressly alleged." In determining whether a pleading sufficiently states a cause of action, the facts alleged are viewed "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Citations omitted).
Under the law above quoted, the allegation in question is sufficient in law.
Also, Conn. Prac. Bk. 152 allows a party to contest the legal sufficiency of the allegations of a "complaint . . . any one of the counts thereof" and not individual paragraphs thereof. There may be exceptions to this rule, as where a party seeks to plead a separate cause of action in a paragraph. This does not appear to be the case here. See Donovan v. Davis, 85 Conn. 394, 397.
Accordingly, the motion to strike is denied.
PURTILL, JUDGE