[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action plaintiffs seek to recover against defendants City of New Britain and two police officers for injuries which, it is claimed, arose out of a high speed pursuit by the officers of a third party defendant. Defendant City and the officers have moved to strike the complaint.
By their amended complaint, plaintiffs have set forth their claims in six counts.
In the first count plaintiffs allege that on April 25, 1989 the defendant officers were operating police cruisers as employees of defendant City within the scope of their employment, when one of the officers engaged the third party defendant in a high speed pursuit on its public highway. It is further alleged that the other officer joined in the pursuit and that the third party defendant's vehicle veered to the left side of the roadway and collided with the vehicle being operated by plaintiff Elsa Santiago causing certain injuries and damage. The first count is based upon a claim of negligence.
The second count relies on the same basic allegations but is directed against the City under the provisions of General Statutes 52-557.
The third count, also directed against the City, is based upon General Statutes 7-465. In this count, plaintiffs allege that the notice required by 7-465 was not given.
The fourth, fifth and sixth counts generally follow the (preceding) counts and set forth claims for loss of consortium by plaintiff Elsa Santiago's husband, Ramon.
Defendants have moved to strike all counts claiming that the complaint fails to set forth a claim upon which relief can be granted.
A motion to strike is the means for contesting the sufficiency of a pleading. Conn. Practice Bk. 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It tests whether a court that already had subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo, CT Page 7524202 Conn. at 208; and if provable factual allegations in the challenged pleading "would support a defense or cause of action, the . . . [motion to strike] must fail." Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
At the outset it is noted that plaintiffs had appended to their brief the deposition of William R. Chute. The annexation of documents not part of the complaint to a motion to strike as evidence raises a question as to whether the motion is a speaking motion to strike which is improper. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-185 (1979). In deciding the present motion, the deposition will not be considered.
All counts of the complaint relate back to the first count which claims that the officers were careless and negligent in the performance of their duties. The second count under52-557 alleges that the officers were acting as agents and the third count is based upon indemnity under 7-465. The remaining counts are related as noted.
It is defendants' position that the no liability is alleged under the first count since as a matter of law the officers are immune from liability; therefore the entire complaint must be stricken.
The claim against the officers is based upon negligence. Negligence is a breach of duty. To survive the present motion, the complaint must allege that defendant police officers owed a duty to plaintiff Elsa Santiago. The existence of this duty is a question of law. Only if this duty is found to exist would a trier of fact then be able to determine whether the duty was violated. With respect to police officers "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution. On the other hand, if the duty is a duty to an individual, then a neglect to perform it or to perform it properly, is an, individual wrong, and may support an individual action for damages." Shore v. Stonington, 187 Conn. 147, 151-152 (1982).
Under the rule of the Shore case the court looks to see whether there is a public or private duty alleged by plaintiff. If a public duty is pleaded, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applied. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Gaurin v. New Haven, 187 Conn. 180, CT Page 7525 184 (1982).
Here it must be concluded that the officers, in pursuing the third party defendant, were engaging in the performance of a public duty. The only question is whether the complaint has alleged that in so doing they were performing ministerial acts. Tango v. New Haven, 173 Conn. 203, 205 (1977).
A review of paragraph 8, subsection (9)-(f) indicates that plaintiffs have set forth sufficient specific allegations of fact as to allow proof of ministerial acts. This is particularly true with respect to the allegations that New Britain Police Department policy was violated. Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253,256-257 (1989). It cannot be found that as a matter of law plaintiffs have failed to plead a valid action.
Accordingly the motion to strike is denied.
PURTILL, J.