[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
On March 12, 1992, the plaintiff, Nijole Lambrakis, filed an amended complaint against the defendants, Petronele Bagdonas and The Banking Center, now known as Centerbank. In count one of the complaint the plaintiff alleges, inter alia, that in December, 1986, he owned a savings certificate of deposit ("CD") at Centerbank in Waterbury, Connecticut, the balance of which was approximately $55,000.00. On or about December 3, 1986, the plaintiff added the name of his mother, a co-defendant, to the certificate as a co-owner. Thereafter, on March 10, 1988, defendant Bagdonas allegedly informed Centerbank that the certificate had been lost, stolen or destroyed. Ms. Bagdonas then signed an Indemnification Agreement with Centerbank and signed a sworn affidavit in which she reiterated that the certificate was lost, stolen or destroyed. Consequently, Centerbank allegedly paid over to Ms. Bagdonas all of the funds represented by the certificate. The plaintiff, upon learning of this, demanded a return of said money to no avail.
In count two, the plaintiff repeats the allegations contained in count one, and further alleges that Centerbank's payment of funds to Ms. Bagdonas was improper, illegal and in derogation of General Statutes 36-114 because Centerbank did not have the "application for lost book" signed by each person in whose name said book was issued, and because the plaintiff's signature was never requested. Furthermore, the plaintiff contends that Centerbank erred in not informing the plaintiff prior to its aforementioned disbursement of funds to Ms. Bagdonas. The plaintiff contends that the aforementioned acts have resulted in his incurring losses and damages.
On May 14, 1992, Centerbank filed a motion to strike count two of the amended complaint, and attached thereto a supporting memorandum. On May 28, 1992, the plaintiff filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
CT Page 7114 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988).
In its memorandum in support of its motion to strike, Centerbank contends that General Statutes 36-114 does not expressly impose liability on the Bank if the provisions of that section are not satisfied. Centerbank also claims that the plaintiff has failed to allege a duty owed by Centerbank to the plaintiff, and, therefore, no implied cause of action exists and the motion to strike count two of the complaint should be granted. The plaintiff, in its memorandum in opposition to the motion to strike, rebuts these claims.
General Statutes 36-114 states, in pertinent part, that:
 When any passbook issued by a savings bank . . . has been lost or destroyed, the person in whose name such book was issued . . . may make written application to the bank which issued such passbook for payment of the amount of the deposit represented by such book or for the issuance of a duplicate book therefor. Such application shall be signed by each person in whose name such book was issued. Such bank shall, upon sufficient identification of the persons making such application, pay the amount due on such book or issue a duplicate book therefor and, upon such payment or delivery of a new book, all liability of the bank on account of the original book shall terminate. (Emphasis added.)
General Statutes 36-114.
"`"It is well settled that a statute must be applied as its words direct."'" Stamford Ridgeway v. Board of Representatives, 214 Conn. 407,425, 572 A.2d 951 (1990), quoting New Haven v. United Illuminating Co.,168 Conn. 478, 485, 362 A.2d 785 (1975). Furthermore, words in a statute must be given their plain and ordinary meaning, unless the context indicates that a different meaning was intended. Stamford Ridgeway, supra.
As was stated, supra, defendant Centerbank maintains that the statute imposes no liability on the Bank for its failure to comply with the provisions of 36-114 and, furthermore, that no duty, owed by the bank to the plaintiff, has been alleged. "The complaint, however, does not rely on common law negligence, but rather upon an alleged breach of a [statute] that, if it occurred, could have been proved to be negligence per se, so that no other breach of duty on [Centerbank's] part would be required." Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253,258, 566 A.2d 431 (1989). "If a plaintiff alleges that a statute . . . has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Id., citing Wu v. Fairfield, CT Page 7115204 Conn. 435, 438, 528 A.2d 364 (1987). Here, the plaintiff has alleged that the bank has violated General Statutes 36-114. The plaintiff also contends that this violation resulted in injury to him. Therefore, count two of the plaintiff's complaint is legally sufficient, Commercial Union Ins. Co., supra, and the motion to strike is denied.
PICKETT, J.