[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jodi H. Trott, individually and as the Administratrix of the Estate of Alan D. Trott, has brought this action against the defendants, Earl S. Patterson, M.D., David Baggish, M.D. and Peter H. Larson. The action arises from an automobile accident on January 24, 1990, between Larson and Alan D. Trott. Larson, while driving northward in the southbound lane of Interstate 91, collided head-on with Mr. Trott's vehicle, killing Trott and injuring himself. Larson had been a patient of both Patterson, a psychiatrist, and Baggish.
In count one, of the plaintiff's four count complaint dated December 27, 1991, the plaintiff alleges that on or about July 26, 1988, Patterson undertook the treatment of Larson in connection with a head injury. The head injury for which Larson was treated was allegedly sustained on or about June 11, 1987. It is further alleged that Patterson continued to treat Larson up to and including January 24, 1990, and that on December 1, 1989, Larson's father informed Patterson that CT Page 1493 Larson had been involved in a motor vehicle accident on that same day due to blacking out.
It is claimed that Patterson failed to report Larson's health problems to the Health Department as required by General Statutes Sec. 14-46. Additionally, the plaintiff claims that Patterson failed to return two forms to the Department of Motor Vehicles concerning Larson's fitness to operate a motor vehicle. The complaint sets out that in December of 1989 and January of 1990, Patterson, despite his knowledge that Larson's reactions to medications for pain were unpredictable and could cause "fugue states," informed Larson that he was able to drive. The plaintiff alleges that Patterson was negligent or careless in his treatment of Larson and that negligence resulted in the death of Alan D. Trott.
In count two the plaintiff alleges that as a result of Patterson's negligence the plaintiff has lost the care, comfort, companionship, society and consortium provided by the decedent, Alan D. Trott.
The defendant Patterson filed a motion to strike counts one and two of the plaintiff's complaint on April 23, 1992. A memorandum of law dated April 22, 1992, accompanied the motion to strike as required by Practice Book Sec. 152. the plaintiff filed a memorandum in opposition dated June 2, 1992. The plaintiff filed a supplemental memorandum of law in support of its opposition to the motion to strike dated November 23, 1992.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1986). In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Bouchard v. People's Bank,219 Conn. 465, 467, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988).
I. Count One
General Statutes Sec. 14-46 provides: CT Page 1494
 Each physician shall report immediately to the department to health services, in writing, the name, age and address of each person known to him to be subject to recurrent attacks of epilepsy in any of its forms or to recurrent periods of unconsciousness uncontrolled by medical treatment. The department of health services shall report to the commissioner motor vehicles the name, age and address of each person whose case is so reported and who is sixteen years of age or over. Such reports shall be for the information of the commissioner of motor vehicles in enforcing state motor vehicle laws, and shall be kept confidential and used solely for the purpose of determining the eligibility of any person to operate a motor vehicle on the highways of this state. Failure of a physician to report to the department of health services as a required by this section shall be an infraction.
General Statutes Sec. 14-16 (Effective Jan. 1, 1979).[1]
"Statutory negligence is actionable upon satisfaction of two conditions: plaintiff must be a member of the class protected by the statute; and the injury must be of the type that the statute was intended to prevent." Small v. South Norwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292
(1988), citing Wright v. Brown, 167 Conn. 464, 468-69,356 A.2d 176 (1975). Violation of a statute designated for protection of the public is, in itself, negligence. Danzell v. Smith, 150 Conn. 35, 284 A.2d 53 (1962).
A violation of General Statutes Sec. 14-46 may give a third-party member of the driving public a cause of action against a physician who fails to use reasonable care to protect the driving public because a violation of the statute is negligence per se.
If Patterson failed in his duty, pursuant to General Statutes Sec. 14-46, to report Larson to the department of health so that his identity could be forwarded to the commissioner CT Page 1495 of motor vehicles in order to determine the eligibility of Larson to drive such would be a violation of that statute. General Statute Sec. 14-46 was designed to protect members of the driving public, such as Trott, from drivers subject to periods of unconsciousness or loss of control, such as Larson. The death of Trott, if caused by such an occurrence, was the type of injury that General Statutes Sec. 14-46 was intended to prevent.
"If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 258, 566 A.2d 431
(1989).
The plaintiff has alleged a violation of a statute, and that there is a causal connection between Patterson's alleged negligence in failing to report Larson's condition to the department of health and the injuries to the plaintiff. The defendant's failure to comply with General Statutes Sec. 14-46 may give rise to a cause of action for negligence against Patterson. Count I does set out a cause of action. Accordingly, motion to strike is denied.
II. Count Two: Loss of Consortium
General Statutes Sec. 52-555c(b) provides:
 (b) Any claim or cause of action for loss of consortium by one spouse arising out of the claim or cause of action for the wrongful death of the other spouse shall be contingent upon proof of facts sufficient to establish recovery for the claim or cause of action for wrongful death. Nothing in sections 52-555a to 52-555d, inclusive, shall limit the assertion of any defenses against the claim or cause of action for loss of consortium that would be available against the claim or cause of action for wrongful death.
CT Page 1496
The court finds that the plaintiffs have a cause of action for negligence against Patterson in the first count. Accordingly, the plaintiffs do have a cause of action pursuant to General Statutes Sec. 52-555c(b). Therefore, the motion to strike the second count is denied.
JOHN WALSH, J.