[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD(#101)
On April 25, 1995, the plaintiff, Clairol, Inc., filed an application to vacate an arbitration award relating to a dispute with the defendant, Enertrac Corp. The facts as alleged in the application are as follows. The plaintiff and the defendant submitted a dispute to arbitration pursuant to a contract entered into on December 7, 1988. The arbitration issued an award on March 30, 1995.
The plaintiff now seeks to vacate the arbitration award pursuant to General Statutes § 52-418 on the ground that the arbitrators' denied the plaintiff the right to cross-examine George Thompson, the defendant's expert and primary fact witness, or failed to vacate his direct testimony.
"[J]udicial review of arbitration awards is limited in scope . . . . Our courts have wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . When arbitration is created by contract, we recognize that its autonomy can only be preserved by minimal judicial intervention. . . . Judicial review of arbitration is, therefore, limited in scope by § 52-418 and our courts will not disturb an arbitration award unless it clearly falls within the proscriptions of [that statute]. . . . In addition, [t]he party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes . . . will the determination of an arbitrator be subject to judicial inquiry. . . . [A] court will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings. . . . Absent a showing of perverse misconstruction [of the law] or positive misconduct . . . the arbitrator's determination is not subject to judicial inquiry." (Citations omitted; internal quotation marks omitted.)Metropolitan District Commission v. AFSCME, 37 Conn. App. 1, 5-7,654 A.2d 771 (1995). CT Page 12336
The plaintiff contends that the arbitrators' denial of the plaintiff's right to cross-examine Thompson requires that the arbitration award be vacated pursuant to General Statutes § 52-418.
General Statutes § 52-418(a)(3) provides in pertinent part that the court shall vacate an arbitration award "if the arbitrators have been guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced. . . ." "[A]rbitrators are accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission, which relieve[s] the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision. . . . Indeed, it is within the broad discretion of arbitrators to decide whether additional evidence is required or would merely prolong the proceedings unnecessarily. . . . To establish that an evidentiary ruling, or lack thereof, rises to the level of misconduct prohibited by § 52-418(a)(3) requires more than a showing that an arbitrator committed an error of law. . . . Rather, a party challenging an arbitration award on the ground that the arbitrator refused to receive material evidence must prove that, by virtue of an evidentiary ruling, he was in fact deprived of a full and fair hearing before the arbitration panel. (Citations omitted; internal quotation marks omitted.) O G/O'Connell Joint Venture v. Chase Family Ltd. Partnership No. 3,203 Conn. 133, 148-49, 523 A.2d 1271 (1987).
The arbitration award may only be vacated if the arbitrators' refusal to afford the plaintiff the opportunity to cross-examine Thompson deprived the plaintiff of a full and fair hearing.
"In a civil case, the Supreme Court has held that [t]he right of cross-examination is not a privilege but it is an absolute right and if one is deprived of a complete cross-examination he has a right to have the direct testimony stricken. . . . It is only after the right of cross-examination has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary. . . ." Commercial Union Insurance v. Frank Perrotti Sons, 20 Conn. App. 253, 262, 566 A.2d 431 (1989), citing, Gordonv. Indusco Management Corp., 164 Conn. 262, 271, 320 A.2d 811
(1973).
The defendant states in its brief that it dos [does] not contest that Thompson was not made available for cross-examination. CT Page 12337 Furthermore, the plaintiff has provided a ruling of the arbitrators denying the plaintiff's motion to strike Thompson's direct testimony. The plaintiff was deprived of its absolute right of cross-examination, and a full and fair hearing. Accordingly, the plaintiff's application to vacate the arbitration award is granted.