[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #112
The defendant files this Motion to Strike the fifth count of the amended complaint, dated May 14, 1996. Since this is the second Motion to Strike, directed at the fifth count of the complaint, what has transpired before this motion is relevant.
The plaintiff alleges that she had approval from the defendant to engrave a footstone for her deceased brother that read in relevant part: BOOP BOOP BA DOO — WE LOVE YOU. She further alleges that when the footstone was delivered to the defendants' cemetery the defendant refused to placed it on the grave of her brother, because the epitaph was of a non religious nature. The original five count complaint was filed on February 8, 1996. The plaintiff's claims are against the defendant for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). On March 21, 1996, the defendant moved to strike the fifth count of the plaintiff's complaint claiming that it failed to allege sufficient facts necessary to support a cause of action under CUTPA.[1] The plaintiff filed an objection to the defendant's motion to strike on April 8, 1996. On April 29, 1996, the court, Fasano, J., granted the defendant's motion to strike.[2]
On May 14, 1996, the plaintiff filed an amended complaint containing the same five counts as the original complaint, but adding two paragraphs to the fifth count in an attempt to plead a legally sufficient CUTPA cause of action. On September 9, 1996, CT Page 131-C the defendant moved to strike the fifth count of the plaintiff's amended complaint claiming that it still failed to allege sufficient facts necessary to support a cause of action under CUTPA.
The function of the motion to strike is to test the legal sufficiency of a pleading R.K. Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992); Amodio v. Cunningham, 182 Conn. 80,82, 438 A.2d 6 (1980). The facts must be viewed in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by them and fairly provable under them. Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 257, 566 A.2d 431 (1989). However, when ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint.Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215, Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
Connecticut General Statutes § 42-110b (CUTPA) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(d), further provides that "[i]t is the intention of the legislature that this chapter be remedial and be so construed."
It is generally accepted that "[t]he determination of whether an act or practice is unfair, in violation of CUTPA, revolves around the application of the `cigarette rule.' This rule involves three inquiries: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at CT Page 131-D least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." (Internal quotation marks omitted.) Norwich Savings Society v. Caldrello, 38 Conn. App. 859,865, 634 A.2d 415, cert. denied, 235 Conn. 927, 667 A.2d 553
(1995), quoting Conway v. Prestia, 191 Conn. 484, 492-93,464 A.2d 847 (1983).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree of which it meets one of the criteria or because to a lesser extent it meets all three. . . ." Norwich Savings Societyv. Caldrello, supra, 38 Conn. App. 865, quoting Cheshire MortgageService, Inc. v. Montes, 223 Conn. 80, 105-06, 612 A.2d 1130
(1992).
In the present case, the defendant argues that: (1) a single and/or isolated unfair trade practice does not give rise to a CUTPA claim; and (2) a CUTPA claim cannot be premised on a simple breach of contract allegation. The court will address each argument separately.
Addressing the defendant's first claim, the court recognizes that there is a split of authority at the trial court level as to whether a single instance of an unfair trade practice gives rise to a CUTPA claim. Similarly, the court is aware that the overwhelming majority of trial courts have held that a single act is sufficient for liability under CUTPA. However, this court need not decide the issue in the present case because it has already been previously addressed by Judge Fasano. In granting the defendant's motion to strike the fifth count of the plaintiff's original complaint, Judge Fasano commented that "under certain circumstances, a single transaction or episode can result in a violation of CUTPA." Satkunas v. Catholic Cemeteries Assn. of theArchdiocese of Hartford, Inc., Superior Court, judicial district of Waterbury, Docket No. 131106 (April 29, 1996, Fasano, J.).
This court accepts Judge Fasano's determination that a single transaction or episode can result in a violation of CUTPA. While the law of the case is not written in stone and a judge is not bound to follow the decisions of another judge made at an earlier stage of the proceeding, "the court in a subsequent proceeding in the case may treat that [prior] decision as the law of the case, if it is of the opinion that the issue was correctly decided, in CT Page 131-E the absence of some new or overriding circumstance." Breen v.Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982).
"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable." (Citations omitted.) Id, 99-100; State v. Arena,235 Conn. 67, 80, 663 A.2d 972 (1995); see also Silberkleit v.Mega Life Health Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 041247 (May 2, 1996, Curran, J.). Since no "new or overriding circumstances" have occurred since Judge Fasano's ruling on the first motion to strike, this court accepts his determination that a single transaction or episode can result in a violation of CUTPA.
The defendant's second claim is that a CUTPA claim cannot be premised on a simple breach of contract, which it asserts, is all that the plaintiff has alleges in the present case. There are several Superior Court decisions holding that a breach of contract does not constitute a CUTPA violation. See, e.g., EmleeEquipment Leasing Corporation v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 595 A.2d 951 (1991, Blue, J.); LoMonte v. Rice,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 441735 (January 30, 1991, Aronson, J.,3 Conn. L. Rptr. 189); Central Delivery Service of Washington, Inc.v. People's Bank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 438015 (October 1, 1990, Goldberg, S.J., 2 Conn. L. Rptr. 449); Jarasek v. ChryslerHouse Associates Limited Partnership, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 338598 (December 2, 1988, O'Connor, J., 4 CSCR 73). A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a CUTPA count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. Set toFit Reality v. First Stamford Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 119612 (April 19, 1994, Lewis, J.).
In the present case, however, the allegations of fact, viewed in the light most favorable to the plaintiff, constitute more than a claim for simple breach of contract. In her amended complaint, the plaintiff added two paragraphs which were not CT Page 131-F present in the original complaint.[3] In reading the amended fifth count, the court is mindful that it must construe the facts alleged in the complaint in the most favorable way for the plaintiff; Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
supra, 224 Conn. 215; Amodio v. Cunningham, supra, 182 Conn. 82; that the facts must be viewed in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by them and fairly provable under them;Commercial Union Ins. Co v. Frank Perrotti Sons, Inc., supra,20 Conn. App. 257; and that CUTPA is remedial in nature and should be liberally construed. Web Press Services Corp. v. NewLondon Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987). Read in such a manner, the fifth count of the plaintiff's complaint establishes that the defendant declined to place the proposed footstone in the cemetery due to the non-religious nature of its inscription, while prior to and after the defendant's refusal, it allowed other monuments with non-religious inscriptions to be placed in the cemetery.
Thus, the court finds that the fifth count sufficiently sets out facts that, if proven, would show that the defendant's act of singling out and refusing to place the plaintiff's footstone on its intended grave was arbitrary, capricious, unfair and deceptive. The allegations of the fifth count adequately show sufficient aggravating circumstances, beyond a mere breach of contract, such that the claim falls within the ambit of CUTPA. See Set to Fit Reality v. First Stamford Corp., supra. Therefore, the defendant's motion to strike the fifth count of the plaintiff's amended complaint is denied.
PELLEGRINO, J.