[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In this case, the plaintiffs, Nadrian Campbell, a minor child, and his mother, Linda Hannan, have sued the defendants John Diduca and Marilyn Diduca for damages they allegedly sustained as a result of Nadrian Campbell's alleged ingestion of lead paint on premises owned or controlled by the Diducas. The defendants have moved to strike the first and fifth count of the plaintiffs' complaint dated March 10, 1995 on the ground that they sound in strict liability. The plaintiffs have not responded to the defendants' motion.
The allegations of the first and fifth counts are identical. The cause of action set forth in these counts is premised on violations of Conn. Gen. Stat. §§ 47a-7 and 47a-8 (¶¶ 3, 4) CT Page 2939 and section 16-50 et seq. of the New Haven Code of Ordinances (¶ 4) "in that, during the term of said tenancy of the plaintiffs [the defendants] caused, allowed or permitted chipped or flaking paint, and paint which exceeded the standards of the Federal Lead-Based Paint Poisoning Prevention Act, to be maintained on and to contaminate the said premises." (¶ 5) It is further alleged that the minor plaintiff ingested the paint resulting in elevated blood lead levels (¶ 6) and physiological, psychological (¶ 7) and other injuries (¶ 8). It is not alleged, however, that the defendants had received any notice of the defects which were in violation of statute or ordinance.
The question in this case is whether the first and fifth counts state a cause of action premised on strict liability or negligence per se. In Gore v. People's Savings Bank,235 Conn. 360, 372, 665 A.2d 1341 (1995), the Supreme Court concluded that a landlord of a residential dwelling may not be held strictly liable pursuant to Conn. Gen. Stat. §§ 47a-7 and 47a-8 for a minor plaintiff's personal injuries allegedly sustained due to exposure to lead-based paint, but that the presence of toxic levels of lead paint in leased premises in violation of these statutes can constitute actionable negligence per se.
However, "even if the landlord violates a standard the violation of which constitutes negligence per se, no liability ordinarily attaches for injuries stemming from the violation unless the landlord had actual or constructive notice prior to the violation." Id., 385. Thus, "notice is relevant to a tenant's cause of action." Id., 372. According to the commentary to 2 Restatement (Second), Property, Landlord and Tenant, § 17.6, comment (c) (1977), cited with approval in Gore, supra,235 Conn. at 384-85, a landlord ordinarily "will be chargeable with notice of conditions which existed prior to the time that the tenant takes possession. Where the condition arises after the tenant takes possession . . . the landlord will not be liable . . . until he has had a reasonable opportunity to remedy the condition after the tenant notifies him of it." (Emphasis supplied).
To state a cause of action in negligence per se in light ofGore, the complaint must not only allege that the statute was violated and that the acts violative of the statute were causally connected to the plaintiffs' injuries, see Commercial Union Ins.Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 258,566 A.2d 431 (1989), citing Wu v. Fairfield, 204 Conn. 435, 438
CT Page 2940528 A.2d 364 (1987), but must also contain facts which allege notice to the landlord or from which notice can be imputed. In Sanchezv. General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.), this court concluded that allegations of statutory and regulatory violations causally connected to the minor plaintiff's injuries were sufficient to state a cause of action in negligence per se in light of additional allegations that supported a claim that the defects violative of statute existed before or at the time the minor plaintiff moved into the premises so that notice could be imputed to the defendant landlords.
In this case, however, the first and fifth counts are premised on defects violative of statute and ordinance that arose "during the term of the tenancy" (¶ 5), not before or at the commencement of the leasehold. Accordingly, notice must be alleged under those circumstances. The lack of any such allegations in the first and fifth counts is fatal. Therefore, the defendants' motion to strike is granted.
LINDA K. LAGER, JUDGE