[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This case is a civil action for personal injuries based on alleged exposure to lead-based paint. The defendant First Federal Savings Loan Association of Rochester ["First Federal"] has moved to strike the twenty-second, twenty-fourth, twenty-fifth and twenty-eighth counts of the plaintiff's revised complaint dated October 15, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v.Autuori, 236 Conn. 820, 825, ___ A.2d ___ (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." Id., 383 n. 2. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Waters, supra,236 Conn. at 825.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original.) Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "If the motion attacks the entire pleading, it will fail if any part of the pleading is legally sufficient." Grier v. West Haven PoliceCT Page 2933Dept., 40 Conn. Sup. 221, 222, aff'd, 8 Conn. App. 142 (1984).
The facts common to the disputed counts are as follows: The minor plaintiff Luis Martinez resided with his mother Carmen Gonzalez at 21-23 Webster Street, Hartford, Connecticut from approximately April 1, 1992 to April 20, 1993 pursuant to a lease agreement with First Federal. First Federal was the owner of record, landlord and otherwise in control of the property.
Twenty-Second Count (Negligence Per Se)
The defendant, relying on Gore v. People's Savings Bank,235 Conn. 360, 665 A.2d 1341 (1995), argues that the twenty-second count is legally insufficient on the ground that it fails to allege that the defendant knew or should have known of the claimed presence of lead. The plaintiff argues that he has alleged sufficient facts to impute constructive notice to the defendant. The court agrees.
To state a cause of action in negligence per se in light ofGore, the complaint must not only allege that the statute was violated and that the acts violative of the statute were causally connected to the plaintiffs' injuries, see Commercial Union Ins.Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 258,566 A.2d 431 (1989), citing Wu v. Fairfield, 204 Conn. 435, 438528 A.2d 364 (1987), but must also contain facts which allege notice to the landlord or from which notice can be imputed. In Sanchezv. General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.), this court concluded that allegations of statutory and regulatory violations causally connected to the minor plaintiff's injuries were sufficient to state a cause of action in negligence per se in light of additional allegations that supported a claim that the defects violative of statute existed before or at the time the minor plaintiff moved into the premises so that notice could be imputed to the defendant landlords. See Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 543473 (Feb. 21, 1997, Lager, J.).
In this case, the twenty-second count alleges that First Federal leased premises that exposed the plaintiff to dangerous, hazardous and toxic levels of lead paint (¶ 5), that the lead hazard existed before the plaintiff occupied the property (¶ 6), and that the defendant failed to "de-lead" the premises before the plaintiff resided there (¶ 7). These allegations, CT Page 2934 read in the light most favorable to the plaintiff, support a claim that an alleged defect violative of statute or regulation existed before or at the time the minor plaintiff moved into the premises, thus imputing notice to the defendant.
In addition, the twenty-second count alleges that First Federal knew or should have known of the lead hazard in the exercise of due care and reasonable inspection and failed to remedy the condition "within a reasonable time after having notice" (¶ 7). These allegations, read in the light most favorable to the plaintiff, support a claim based on actual notice to the landlord.
The twenty-second count alleges both constructive and actual notice to the landlord. Therefore, the motion to strike the twenty-second count is denied.
Twenty-Fourth Count (Absolute Nuisance)
The revised complaint alleges in the twenty-fourth count that, pursuant to a lease agreement, the plaintiff leased and inhabited the premises and was exposed to dangerous, hazardous and toxic levels of lead paint on the interior and exterior surfaces "the existence of which has a natural tendency to create danger, especially to children under the age of six" (¶ 5). It further alleges that the existence of toxic levels of lead paint was violative of statute and regulation[1] and thus "constitutes an absolute nuisance" (¶ 6).
In Sanchez v. General Urban Corp., supra, and Lovick v.Nigro, supra, this court concluded that allegations identical to these were insufficient to state a cause of action for absolute nuisance. For the reasons stated in those decisions, the defendant's motion to strike the twenty-fourth count is granted.
Twenty-Fifth Count (Abnormally Dangerous Activity)
The defendant moves to strike the twenty-fifth count on the ground that lead paint is not ultrahazardous as a matter of law. The court agrees.
In Sanchez v. General Urban Corp., supra, this court concluded as a matter of law that leasing premises that contain allegedly toxic levels of lead paint is not an abnormally dangerous activity, agreeing with many other decisions of the CT Page 2935 Superior Court. Hall v. Rivera, Superior Court, judicial district of Milford, Docket No. 049449 (Oct. 29, 1996, Skolnick, J.);Wilson v. Bellisle, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546030 (Oct. 3, 1996, Hennessey, J.); Scott v. Duhl, Superior Court, judicial district of New Haven, Docket No. 379299 (Sept. 30, 1996, Corradino, J.); Delgado v. Learmand, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 471591 (July 12, 1996, Arena, J.); Leblanc v. Munger, Superior Court, judicial district of Windham at Putnam, Docket No. 052267 (March 13, 1995, Sferrazza, J.); Gutierrez v. Jefferson Street MedicalBldg., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529230 (September 27, 1994, Hennessey, J., 12 Conn. L. Rptr. 472).
The plaintiff also makes a policy argument, based on Branchv. Western Petroleum, Inc., 657 P.2d 276 (Utah 1982), for deeming lead-based paint intrinsically dangerous. This court has rejected this argument Lovick v. Nigro, supra.
Accordingly, for the reasons stated in Sanchez and Lovick, the defendant's motion to strike the twenty-fifth count is granted.
Twenty-Eighth Count (CUTPA)
First Federal moves to strike the twenty-eighth count on two grounds: that the provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a et seq., do not apply to personal injury actions and that the complaint fails to allege an ascertainable loss of money or property, a necessary element for recovering damages under CUTPA.
In analyzing claims that CUTPA does not apply to personal injury actions, other judges of this court have looked to whether the conduct at issue constitutes an unfair or deceptive trade practice within the meaning of the "cigarette rule". See e.g.,Sipperly v. Burger King Corp., Superior Court, Judicial District of New London at Norwich, Docket No. 094646 (March 17, 1992, Hurley, J.). The "cigarette rule" contains three criteria by which a practice or act is deemed unfair. Fink v. Golenbock,238 Conn. 183, 215, 680 A.2d 1243 (1996); Saturn Construction Co. v.Premier Roofing Co., 238 Conn. 293, 310, 680 A.2d 1274 (1996);Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 507,656 A.2d 1009 (1995); Cheshire Mortgage Service. Inc. v. Montes,
CT Page 2936223 Conn. 80, 105-06, 612 A.2d 1130 (1992). "`All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.'" (Citations omitted.)Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725-26,652 A.2d 496 (1995).
In paragraph 8 of the twenty-eighth count, the plaintiff alleges that the course of conduct described in the twenty-second through twenty-seventh counts against First Federal constitute the unfair and deceptive acts. Those counts allege, among other things, violations of statute (count 22) and willful, wanton and reckless conduct (count 27). In Lovick v. Nigro, supra, this court concluded that a similarly worded CUTPA count survived a motion to strike. This conclusion was premised, in part, onConaway v. Prestia, 191 Conn. 484, 491, 464 A.2d 847 (1983), which held that CUTPA creates a private cause of action to recover damages for violations of certain landlord-tenant statutes, and on decisions of other judges of this court finding similar allegations sufficient to state a cause of action under CUTPA. See Becher v. Seifel, Superior Court, judicial district of Litchfield, Docket No. 068680 (Nov. 27, 1995, Pickett, J.);Kohutka v. Mazzucco, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142751 (Apr. 18, 1995, Lewis, J.); Gutierrez v. Jefferson Street Medical Building,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529230 (Sept. 27, 1994, Hennessey, J,12 Conn. L. Rptr. 472); Hardy v. Griffin, 41 Conn. Sup. 283, 287,569 A.2d 49 (1989).
Likewise, in Lovick this court concluded that allegations of injuries similar to those alleged in paragraph 9 of the twenty-eighth count (incorporating ¶ 8(a) — (1) of the first count) were sufficient to satisfy the "substantial injury to consumers" criterion of the "cigarette rule." The FTC has established three tests which must be met to justify a finding of unfairness: the injury (1) must be substantial, (2) is not outweighed by any countervailing benefits to consumers and (3) could not be reasonably avoided by the consumer. Williams Ford Inc. v.Hartford Courant Co., 232 Conn. 559, 592, 657 A.2d 212 (1995);A-G Foods. Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 216,579 A.2d 69 (1990). In Tackling v. Shinerman, Superior Court, CT Page 2937 judicial district of New London, Docket No. 521012 (Feb. 9, 1993, Teller, J., 8 CSCR 257), allegations of injuries similar to those the plaintiff alleges he sustained (blood disorders, learning disabilities and emotional disturbances, attention disorders, renal disorders, and neurological disorders) were held sufficient to meet all three tests of unjustified substantial injury.
Finally, First Federal claims the plaintiff has failed to allege sufficient facts to satisfy the "ascertainable loss of money or property" requirement of a CUTPA action. As this court stated in Lovick v. Nigro, supra:
 To meet this requirement, plaintiffs do not need to allege a specific amount of ascertainable loss but rather need only allege that they purchased an item partially as a result of an unfair practice or act and that the item is different from that for which they bargained. Hinchliffe v. American Motors Corporation, 184 Conn. 607, 614-615, 440 A.2d 810 (1981). Here, the plaintiffs claim that because of the defendants' unfair acts, as discussed above, they rented and inhabited apartments which contained toxic levels of lead and caused them to become lead poisoned — a result they certainly didn't bargain for. This was held sufficient in Guitterez, supra. Moreover, the revised complaint contains certain specific allegations that have been held to meet the threshold requirement regarding ascertainable loss: that the premises were leased pursuant to a lease agreement . . . under which it may be inferred that the defendants received rent, Conway v. Prestia, supra, 191 Conn. at 494, and that the plaintiffs have incurred bills and expenses for medical care and treatment and increased costs associated with obtaining a suitable education . . . . Mulqueen v. Nutri System Weight Loss,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 113014 (May 29, 1992, Rush, J., 6 Conn. L. Rptr. 459); Hov v. Westland Inc., Superior Court, judicial district of Fairfield at CT Page 2938 Bridgeport (Sept. 28, 1989, Thompson, J. 4 CSCR 729).
Accordingly, based on this court's decision in Lovick v.Nigro and for the other reasons stated above, the defendant's motion to strike the twenty-eighth count is denied.
Conclusion
The defendant's motion to strike the twenty-second and twenty-eighth is denied. The defendant's motion to strike the twenty-fourth and twenty-fifth counts is granted.
LINDA K. LAGER, JUDGE