[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The defendant correctly asserts that the court's Memorandum of Decision fails to address the alternate grounds asserted by her in her motion to strike. In addition to her claim of immunity, the defendant asserted that the plaintiffs claim is barred by the applicable statute of limitations. Also, the defendant asserted that the complaint fails to adequately state a claim for intentional infliction of emotional distress.
As to the claim that the complaint is time-barred, this is a CT Page 5351 matter of special defense, and not the proper subject of a motion to strike.
The court disagrees with the defendant's assertion that the complaint is legally inadequate as a matter of law. The defendant claims that a complaint based on the intentional infliction of emotional distress must contain the explicit allegation that the defendant's conduct was extreme or outrageous. A complaint based on the intentional infliction of emotional distress must contain facts from which the court, and then the fact finders, can conclude that the defendant intended to inflict emotional distress, or should have known that emotional distress was the likely result of his conduct, that the conduct was extreme and outrageous, that the conduct was the cause of the plaintiff's distress, and that the emotional distress sustained by the plaintiff was severe. Bell v. Board of Education ofWest Haven, 55 Conn. App. 400 (1999); Peyton v. Ellis, 200 Conn. 243 (1986).
In a motion to strike, "the court must construe the facts in the complaint most favorably to the nonmoving party" Amodio v.Cunningham, 182 Conn. 80 (1980). Additionally, "the challenged pleading is to be read broadly, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under the complaint." Commercial Union Ins. Co. v.Frank Perrotti Sons, Inc., 20 Conn. App. 253, 2257, [257] (1989). In this case, if the allegations of the plaintiffs complaint are proven, a reasonable jury could find that the defendant's conduct was extreme and outrageous and that the emotional distress thereby sustained by the plaintiff was severe.
____________________ Bishop, J.