THOMAS GORE ET AL. *v.* PEOPLE'S SAVINGS BANK
ET AL.
(12203)

Schaller, Spear and Freedman, Js.

Submitted on briefs December 14, 1995—decision released January 30, 1996

*Dana P. Lonergan* filed a brief for the appellants (plaintiffs).

*Peter J. Dauk* and *Lawrence F. Reilly* filed a brief for the appellees (defendants).

FREEDMAN, J. This matter is before us on remand from the Supreme Court. Previously, in *Gore* v. *People's Savings Bank*, 35 Conn. App. 126, 644 A.2d 945 (1994), we concluded that a landlord of a residential dwelling may be held strictly liable, pursuant to General Statutes (Rev. to 1985) §§ 47a-7, 47a-8 and 47a-54f (b), for personal injuries sustained by a minor tenant due to the minor's exposure to lead-based paint in the landlord's dwelling. The Supreme Court granted certification, reversed our judgment and remanded the case to this court for consideration of the remaining issues raised by the plaintiffs. *Gore* v. *People's Savings Bank*, 235 Conn. 360, 665 A.2d 1341 (1995).[1] We now affirm the judgment of the trial court.

The plaintiffs, Thomas Gore and Wanda Copeland, on their own behalf and on behalf of their minor son, Kendall Copeland, brought this action against the defendants, People's Savings Bank and M.S.B. Real Estate Corporation, claiming that the defendants were liable for the damages caused by their son's exposure to lead-based paint in the defendants' building. "The jury reasonably could have found the following facts. In 1984, the plaintiffs and Kendall Copeland moved into an apartment located at 400 Atlantic Street in Bridgeport. On May 22, 1985, Audrey Gaines, a program coordinator for the Bridgeport department of health, inspected the plaintiffs' apartment for the presence of lead. Gaines tested the surfaces of the apartment using a portable X-ray machine, which measured the amount

---

[1] The remaining issues that were remanded to this court for consideration are " 'whether the trial court improperly (1) instructed the jury that the plaintiffs had the burden of proof with respect to actual or constructive notice of the violation of the statute concerning lead paint, (2) instructed the jury that the defendants were entitled to a reasonable time after notice to make the necessary repairs pursuant to General Statutes § 47a-7 (a) (2), and (3) refused to allow the plaintiffs to question a witness regarding the presence of lead-based paint in other apartments owned by the defendants.' " *Gore* v. *People's Savings Bank*, supra, 235 Conn. 369–70 n.11.

of lead within the paint on the surfaces. This testing revealed that some surfaces contained more than five tenths of 1 percent lead by weight, the federal statutory standard then codified in 42 U.S.C. § 4841 and incorporated by § 47a-8. On the basis of the results of this inspection, Gaines sent notification to the landlord and requested that it abate the lead in the plaintiffs' apartment. On August 26, 1985, Gaines reinspected the apartment and determined that all lead hazards had been abated.

"By amended complaint dated October 1, 1992, the plaintiffs brought an action against the defendants for injuries that Kendall had suffered due to his exposure to the lead-based paint. The plaintiffs claimed that the defendants negligently had failed to comply with certain state laws pertaining to the health and safety of tenants. The plaintiffs also claimed that the defendants had failed to comply with the terms of their lease agreement requiring the defendants to comply with certain state laws pertaining to the health and safety of tenants. Finally, the plaintiffs alleged that the defendants were strictly liable for the damages caused by the lead-based paint violations. On October 20, 1992, after the close of evidence, the trial court granted the defendants' motion for a directed verdict on the strict liability count against each defendant." *Gore* v. *People's Savings Bank*, supra, 235 Conn. 363–65.

"The jury found the defendants not liable, finding that there was a violation of a warranty or statute and that the defendants had actual or constructive notice of the violation, but that the defendants had repaired the condition constituting the violation within a reasonable period of time." Id., 367.

On appeal, we concluded that the trial court had improperly directed a verdict in favor of the defendants on the strict liability counts. In so concluding, we noted

that a violation of §§ 47a-8 and 47a-54f constitutes negligence per se, and that, because these statutes do not contain a provision permitting an excuse for the violation, landlords are strictly liable for damages upon proof of violation of the statute and proximate causation.[2] *Gore* v. *People's Savings Bank*, supra, 35 Conn. App. 135–36. The Supreme Court agreed with our conclusion that the presence of lead paint in violation of §§ 47a-8 and 47a-54f constitutes negligence per se, but further stated that these sections do not impose strict liability on landlords. *Gore* v. *People's Savings Bank*, supra, 235 Conn. 372. Rather, the Supreme Court concluded that because §§ 47a-8 and 47a-54f do not modify the common law elements of landlord premises liability, notice is relevant to a tenant's cause of action.[3] Id. The Supreme Court therefore remanded the case to this court for consideration of the issues stated above.

I

The first and second issues, regarding the jury instructions on notice[4] and the reasonable time to repair following notice, are closely related and will be considered together. The trial court instructed the jury, inter alia, that the defendants were liable if the landlord had

[2] In *Gore* v. *People's Savings Bank*, supra, 35 Conn. App. 133–34, we analyzed §§ 47a-8 and 47a-54f (b) together, noting that the prohibitions in each statute related to cracked, chipped, blistered, flaking, loose, or peeling paint were similar. The Supreme Court did not disagree with this assessment, and noted that its discussion of § 47a-8 will necessarily control the effect of § 47a-54f (b). *Gore* v. *People's Savings Bank*, supra, 235 Conn. 372 n.13.

[3] The Supreme Court also held that Public Acts 1994, No. 94-220, § 11, which repealed § 47a-8, has no effect on the liability of the defendants in this case. *Gore* v. *People's Savings Bank*, supra, 235 Conn. 391–93.

[4] Although the plaintiffs assert that the instruction with regard to notice was erroneous because the court improperly charged on the burden of proof, the plaintiffs are essentially arguing that there is no notice requirement. To the extent, however, that the plaintiffs are challenging the instruction placing the burden of proof on them to prove actual or constructive notice on the part of the landlord, we note that the jury found that there was notice.

actual or constructive notice[5] of the violation and if the landlord failed to repair the condition within a reasonable time after notice of the violation.[6] These instructions are wholly consistent with the Supreme Court's decision in *Gore* v. *People's Savings Bank,* supra, 235 Conn. 360.

In *Gore,* the Supreme Court first outlined the traditional principles of landlord premises law, stating that "as a matter of common law, a tenant's claim for injuries caused by lead-based paint in the apartment would depend upon proof of control and actual or constructive notice of the conditions giving rise to the defective conditions caused by the lead-based paint." Id., 374. The Supreme Court next considered the language of § 47a-8, its legislative history and purposes and concluded that a violation of § 47a-8 constitutes negligence per se. Id., 380–82. The Supreme Court further stated that notice is relevant to an action based on § 47a-8,

[5] With regard to the burden of proof, the trial court charged the jury that "[i]f the defective condition existed before the tenants moved into the apartment, the landlord, not the tenant . . . has the burden of showing, by a fair preponderance of the evidence, a lack of notice or knowledge of the condition. . . . If you find the landlord did not have constructive notice at the time the tenants moved in, then you must go on and decide whether the landlord received actual notice. If a defective condition arose after the plaintiffs moved into the apartment, the plaintiffs must show by a fair preponderance of the evidence that the landlord received actual notice of the condition."

[6] Specifically, the trial court charged as follows: "Now, for liability to exist, the evidence must show four things. . . . First, the evidence must show a dangerous condition existed which was in violation of a warranty of habitability or a state statute. . . . Second, the evidence must show the landlord had constructive notice of the violation, or if the landlord did not have constructive notice, the evidence must show the landlord received actual notice of the violation. Three, the evidence must show the landlord failed to repair the condition within a reasonable time after the landlord had constructive notice or received actual notice. Four, the landlord's failure to correct the condition within a reasonable time after constructive or actual notice was a proximate cause of the injuries for which the plaintiffs seek compensation."

noting that the legislature has not acted to eliminate the common law requirement of notice. Id., 382–83.

In holding that notice is relevant to the action, the Supreme Court quoted with approval the commentary to § 17.6 of the Restatement (Second) of Property. " '[T]he landlord is subject to liability under the rules of this section only for conditions of which he is aware, or of which he could have known in the exercise of reasonable care. Ordinarily, the landlord will be chargeable with notice of conditions which existed prior to the time that the tenant takes possession. Where the condition arises after the tenant takes possession, the landlord may not be able, in the exercise of reasonable care, to discover the condition, in which case the landlord will not be liable under the rules of this section until he has had a reasonable opportunity to remedy the condition after the tenant notifies him of it. Where the landlord is able to discover the condition by the exercise of reasonable care, he is subject to liability after he has had a reasonable opportunity to discover the condition and to remedy it.' [2 Restatement (Second), Property, supra], comment (c). Thus, the Restatement (Second) of Property states that, even if the landlord violates a standard the violation of which constitutes negligence per se, no liability ordinarily attaches for injuries stemming from the violation unless the landlord had actual or constructive notice prior to the violation." *Gore* v. *People's Savings Bank*, supra, 235 Conn. 384–85. The Supreme Court concluded by noting that "the statutory framework evinces a legislative intent to afford landlords the opportunity to remedy violations of housing standards after receipt of notice." Id., 388.

On that basis, we conclude that the trial court properly instructed the jury regarding the notice requirement

and the requirement that the defendants have a reasonable time after notice to make the requisite repairs.

## II

The plaintiffs next argue that the trial court improperly refused to allow them to inquire of Audrey Gaines, the program coordinator for the lead poisoning prevention project, whether any similar complaints regarding the presence of lead paint had ever been made in any other buildings owned by the defendants. The defendants argue in response that the trial court correctly excluded the evidence as irrelevant and prejudicial. We agree with the defendants.

As an initial matter we note that "[t]he trial court has broad discretion to determine the relevancy of evidence, and we will not disturb a trial court's ruling on the admissibility of evidence in the absence of a clear abuse of discretion." (Internal quotation marks omitted.) *Chapman* v. *Norfolk & Dedham Mutual Fire Ins. Co.*, 39 Conn. App. 306, 317, 665 A.2d 112, cert. denied, 235 Conn. 925, 666 A.2d 1185 (1995). The record reveals that the trial court sustained the defendants' objection to questions concerned with other properties owned by them, noting that it was "concerned with the premises."[7] The trial court then allowed the plaintiff to question Gaines concerning whether she knew of any other apartments within the same building that contained similar levels of lead. We conclude that the trial court properly excluded the evidence of lead levels in other

---

[7] The record reveals the following:

"Q. Now, do you know of any other instances where these levels of lead were found in property owned by People's?

"[Defense Counsel]: Your Honor, what relevance does that have? I'm going to object.

"[Plaintiffs' Counsel]: Again, Your Honor, I claim it, I mean we—

"The Court: Sustained.

"[Plaintiffs' Counsel]: May I have an exception, Your Honor?

"The Court: Exception is noted. We're concerned with the premises."

properties as irrelevant to the issues before the court involving the subject premises.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] We note that even if the trial court had abused its discretion, such abuse would have constituted harmless error because in this case the jury found that there was notice.