[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 107)
A. FACTS:
Lori Broughton ("plaintiff") has brought this action as mother and best friend of several of her children, Jameill Delgado, Chelsea Delgado, Aleenia Broughton and Omar Husman ("Minor Children"). The plaintiff alleges the following: (1) pursuant to a lease between the plaintiff and the defendant, the plaintiff and the Minor Children resided at 71 Amity Street, Hartford Connecticut ("property") from June 3, 1995 to December 1, 1995; (2) at all times relevant, this property was owned by Lynchester Learmand ("defendant"); (3) at all times relevant, the defendant was the landlord and in control over the property; (4) while residing at the property, the Minor CT Page 5149-OOOO Children were "exposed to dangerous, hazardous and toxic levels of lead paint" on the interior and exterior surfaces of the property.
The defendant has filed the instant motion to strike the first, third and four counts of the plaintiff's revised complaint. The first count appears to sound in both strict liability and negligence per se, the third count appears to sound in absolute nuisance and the fourth count appears to sound in strict liability for engaging in ultrahazardous activities. Both parties have filed memoranda with their motions.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant's motion to strike states as the ground for striking the various counts: as to the first count, "there is no implied private cause of action for damages based on breach of landlord-tenant laws"; as to the third count, "the allegations of Count 3 fail to assert the necessary elements of an absolute nuisance"; and as to the fourth count, "the allegations of lead paint exposure in residential property do not support a claim for strict liability based on inherently dangerous activity".
1. Count One:
The plaintiff has plead the first count in several paragraphs. Specifically, paragraph 6(a) appears to attempt to allege a cause of action in strict liability for the violations of General Statutes §§ 21a-82, 47a-7, 47a-8, 47a-54f, 19a-111
to 19a-111d, and the regulations promulgated thereunder; paragraph 6(b) and 6(c) appear to state a cause of action in negligence per se. CT Page 5149-PPPP
In the recent Supreme Court's decision of Gore v.People's Savings Bank, 40 Conn. App. 219, ___ A.2d ___ (1996),[1]
the Supreme Court recognized a cause of action for negligence per se upon showing violations of the landlord-tenant lead paint statutes, with the plaintiff obliged to also prove constructive notice of the lead-based paint. The Court held there is no strict liability cause of action for the violation of the landlord-tenant statutes.
Taking the plaintiff's first count in the light most favorable, it is decided that the plaintiff has sufficiently stated a cause of action upon which relief may be granted in paragraphs 6(b)-(c). Even though it appears paragraph 6(a) is an attempt to allege strict liability cause of action, the appropriate remedy is a request to revise paragraph 6(a), not a motion to strike. Therefore, the defendant's motion to strike the plaintiff's first count of the revised complaint ought to be denied.
2. Count Three:
The third count appears to state a cause of action in absolute nuisance. The essential elements for a cause of action in absolute nuisance were stated in Green v. Ensign-Bickford Co.,25 Conn. App. 479, 595 A.2d 1383 (1991).
The court stated:
 To succeed in a nuisance action, a plaintiff must establish four elements: `(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages.' . . .
 Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional. `Intentional,' in CT Page 5149-QQQQ this context, means `not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance.' (Internal citations and quotations omitted.).
Id., at 490.
The plaintiff's amended complaint states, in relevant part, that during plaintiff's tenancy (and that of the Minor Children) the property contained illegal concentrations of lead-paint; the existence of the lead-paint has a natural tendency to create danger; the existence of the high level of lead-paint was in violation of several statutes; the existence of the lead-paint was the direct and proximate cause of the Minor Children's lead poisoning; and the defendant intended to lease the apartment to the plaintiff for occupancy with the Minor Children.
Although not artfully crafted, taking the plaintiff's complaint in the light most favorable to the plaintiff, the plaintiff has sufficiently plead all of the essential elements for a cause of action in absolute nuisance. Therefore, the motion to strike the third count should be denied
3. Count Four:
The fourth count alleges a cause of action in strict liability for ultrahazardous activities. This issue was recently addressed by Judge Sferrazza in LeBlanc v. Munger, Superior Court, judicial district of Putnam at Putnam, Docket No. 052267 (April 15, 1996, 2 Conn. Ops. 405). In this opinion, Judge Sferrazza recounted the reluctance of the Connecticut Supreme Court to extend the theory of strict liability for engaging in ultrahazardous activities beyond the handling of explosives and pile-driving. The decision concludes by citing Guitierrez v. Jefferson Street Medical Building, Inc.,12 Conn.L.Rptr. 472 (October 31, 1994, J. Hennessey) which held the renting of an apartment with lead paint is not an abnormally dangerous activities to which strict liability should attach. This court is in accord and the motion to strike the fourth count should be granted.
C. CONCLUSION:
For the reasons herein stated, it is concluded, CT Page 5149-RRRR the defendant's motion to strike, ought to be and is hereby, granted as to the fourth count, and denied as to the first and third counts.
It is so ordered,
SALVATORE F. ARENA, J.