[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 22, 1997
I
FACTS
The plaintiffs, Gail Goodrich and Toni Goodrich, filed an eleven count complaint on January 10, 1996, seeking damages allegedly caused by an underground gasoline storage tank that had leaked. One of the defendants, Strain Oil Company (Strain), moved to strike count ten of the plaintiffs' complaint.
 II
DISCUSSION
A CT Page 5799
Motion To Strike
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion." Meredith v.Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27 (1980).
 B
Count Ten: Negligence Per Se
Count ten of the plaintiffs' complaint states a cause of action for negligence per se based upon General Statutes §§22a-427, 22a-430, and 22a-450 of the Water Pollution Control Act (WPCA). Strain moves to strike count ten of the plaintiffs' complaint on the ground that "the statutes cited by the plaintiffs do not support a negligence cause of action because the statutes create public rights enforceable only by the State, and the plaintiffs have no right to bring an action to recover solely private damages under those statutes." Motion To Strike, #116. The plaintiffs contend that they are not attempting to recover under the WPCA, they are merely attempting to use the standard under the statute as the standard of care in their negligence cause of action, as per the doctrine of negligence per se.
"Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. They merely CT Page 5800 decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law." (Internal quotation marks omitted.) Gore v. People'sSavings Bank, 235 Conn. 360, 368-69, 665 A.2d 1341 (1995), on remand, 40 Conn. App. 219, 670 A.2d 332 (1996). In order to utilize the principle of negligence per se the plaintiffs must satisfy a two-prong test: "(1) that the plaintiffs were within the class of persons protected by the statute; and (2) that the injury suffered is of the type that the statute was intended to prevent." Id., 368-69
General Statutes § 22a-422 states the policy of the WPCA. This policy mentions "the inhabitants of the state." General Statutes § 22a-422. As inhabitants of the state of Connecticut, the plaintiffs are within the class of persons protected by this statute.
The injury incurred by the plaintiffs is of the type which the WPCA was intended to prevent. General Statutes § 22a-422
states that "the elimination of pollution is hereby declared as a matter of legislative determination." Furthermore, "the pollution of the waters of the state is inimical to the public health, safety and welfare of the inhabitants of the state, is a public nuisance . . . and impairs domestic, agricultural, industrial, recreational and other legitimate beneficial uses of water." General Statutes § 22a-422. The plaintiffs have alleged, inter alia, that the pollution has caused damages constituting a loss of the use and enjoyment of their property, as well as causing the plaintiffs to become concerned about the medical effects of the pollution. Complaint, Count 10, ¶¶ 23, 24.
"If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Commercial Union Ins. Co. v. Frank Perrotti Sons,Inc., 20 Conn. App. 253, 258, 566 A.2d 431 (1989). The plaintiffs have alleged that Strain violated General Statutes §§ 22a-427,22a-430, and 22a-450. Complaint, Count 10, ¶¶ 68-70. The plaintiffs have also alleged that these violations were the proximate cause of the damages to their property. Therefore, the plaintiffs have sufficiently stated a claim of negligence as a matter of law.
Strain also argues that allowing the plaintiffs to recover CT Page 5801 under a negligence per se theory based upon §§ 22a-427,22a-430, and 22a-450 violates the laws of statutory construction because it renders § 22a-452 mere surplusage. This is because § 22a-452 (a) allows the party that cleans up the contamination to recover for "reimbursement from any person, firm or corporation for the reasonable costs expended for . . . containment, removal, or mitigation" of the contamination. The plaintiffs claim that this assertion by Strain misinterprets how the negligence per se doctrine is applied
Strain is correct that, according to the law of statutory interpretation, "[a] statute must be interpreted to give effect to all its provisions. No word within a statute is to be rendered mere surplusage. . . ." (Citations omitted.) Westport TaxiService, Inc. v. Westport Transit District, 235 Conn. 1, 40,664 A.2d 719 (1995). The plaintiffs, however, are also correct in that the application of this doctrine is inapplicable to their claim of negligence per se. "The doctrine of negligence per se serves to superimpose a legislatively prescribed standard of care on the general standard of care." Staudinger v. Barrett,208 Conn. 94, 101, 544 A.2d 164 (1988). The plaintiffs are not interpreting §§ 22a-427, 22a-430, and 22a-450 as providing a private cause of action under the WPCA. Instead, the plaintiffs are merely seeking to adopt those sections of the WPCA as the standard of care in their negligence claim. The plaintiffs would only be foreclosed from asserting a negligence per se claim based upon the WPCA if the remedy therein was designated a plaintiff's exclusive remedy. See Sanzone v. Board of Police Commissioners,219 Conn. 179, 192, 592 A.2d 912 (1991) ("an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge"'); see also Winslow v. Lewis-Shepard,Inc., 212 Conn. 462, 562 A.2d 517 (1989) (the Products Liability Act, General Statutes § 52-572n, is a plaintiff's exclusive remedy for claims within its scope). Therefore, the rules of statutory interpretation cited by Strain are not implicated in the current motion. Strain's motion to strike count ten of the plaintiffs' complaint is denied.
MINTZ, J.