[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
I
FACTS
The plaintiff, Ralph Mirarchi, filed an eleven count complaint on June 21, 1996, seeking damages allegedly caused by an underground gasoline storage tank that had leaked Two of the defendants, Elizabeth Hite Jennings as trustee for the trust of Eunice Mallory Hite for the benefit of Elizabeth Hite Jennings and Elizabeth Hite Jennings (the Jennings defendants), moved to strike the second, third, fifth, and sixth counts of the plaintiffs complaint.
 II DISCUSSION
 A Motion To Strike
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion" Meredith v.CT Page 5803Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27 (1980).
 B Count Two: Negligence Per Se
Count two of the plaintiff's complaint states a cause of action for negligence per se based upon General Statutes §§22a-427, 22a-430, and 22a-450 of the Water Pollution Control Act (WPCA). The Jennings defendants move to strike count two of the plaintiffs complaint on the ground that "the statutes cited by the plaintiff do not support a negligence cause of action because the statutes create public rights enforceable only by the State, and the plaintiff has no right to bring an action to recover solely private damages under those statutes." Motion To Strike, # 105. The plaintiff contends that he is not attempting to recover under the WPCA, he is merely attempting to use the standard under the statute as the standard of care in his negligence cause of action, as per the doctrine of negligence per se.
"Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. They merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law." (Internal quotation marks omitted.) Gore v. People'sSavings Bank, 235 Conn. 360, 368-69, 665 A.2d 1341 (1995), on remand, 40 Conn. App. 219, 670 A.2d 332 (1996). In order to utilize the principle of negligence per se the plaintiff must satisfy a two-prong test: "(1) that the [plaintiff was] within the class of persons protected by the statute; and (2) that the injury suffered is of the type that the statute was intended to prevent" Id., 368-69.
General Statutes § 22a-422 states the policy of the WPCA. This policy mentions "the inhabitants of the state." General Statutes § 22a-422. As an inhabitant of the state of Connecticut, the plaintiff is within the class of persons protected by this statute.
The injury incurred by the plaintiff is of the type which the CT Page 5804 WPCA was intended to prevent. General Statutes § 22a-422
states that "the elimination of pollution is hereby declared as a matter of legislative determination." Furthermore, "the pollution of the waters of the state is inimical to the public health, safety and welfare of the inhabitants of the state, is a public nuisance . . . and impairs domestic, agricultural, industrial, recreational and other legitimate beneficial uses of water." General Statutes § 22a-422. The plaintiff has alleged, inter alia, that the pollution has caused damages constituting a loss of the use and enjoyment of his property, as well as causing the plaintiff to become concerned about the medical effects of the pollution. Complaint, Count 2, ¶¶ 28, 29.
"If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Commercial Union Ins. Co. v. Frank Perrotti Sons,Inc., 20 Conn. App. 253, 258, 566 A.2d 431 (1989). The plaintiff has alleged that the Jennings defendants violated General Statutes §§ 22a-427, 22a-430, and 22a-450. Complaint, Count 2, ¶¶ 31-33. The plaintiff has also alleged that these violations were the proximate cause of the damages to his property. Therefore, the plaintiff has sufficiently stated a claim of negligence as a matter of law
The Jennings defendants also argue that allowing the plaintiff to recover under a negligence per se theory based upon §§ 22a-427, 22a-430, and 22a-450 violates the laws of statutory construction because it renders § 22a-452 mere surplusage. This is because § 22a-452 (a) allows the party that cleans up the contamination to recover for "reimbursement from any person, firm or corporation for the reasonable costs expended for . . . containment, removal, or mitigation" of the contamination. The plaintiff claims that this assertion by the Jennings defendants misinterprets how the negligence per se doctrine is applied.
The Jennings defendants are correct that, according to the law of statutory interpretation, "[a] statute must be interpreted to give effect to all its provisions. . . . No word within a statute is to be rendered mere surplusage. . . ." (Citations omitted) Westport Taxi Service, Inc. v. Westport TransitDistrict, 235 Conn. 1, 40, 664 A.2d 719 (1995). The plaintiff, however, is also correct in that the application of this doctrine CT Page 5805 is inapplicable to his claim of negligence per se. "The doctrine of negligence per se serves to superimpose a legislatively prescribed standard of care on the general standard of care"Staudinger v. Barrett, 208 Conn. 94, 101, 544 A.2d 164 (1988). The plaintiff is not interpreting §§ 22a-427, 22a-430, and 22a-450
as providing a private cause of action under the WPCA. Instead, the plaintiff is merely seeking to adopt those sections of the WPCA as the standard of care in his negligence claim. The plaintiff would only be foreclosed from asserting a negligence per se claim based upon the WPCA if the remedy therein was designated a plaintiffs exclusive remedy. See Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991) ("an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge"'); see also Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517
(1989) (the Products Liability Act, General Statutes §52-572n, is a plaintiffs exclusive remedy for claims within its scope). Therefore, the rules of statutory interpretation cited by the Jennings defendants are not implicated in the current motion. The Jennings defendants' motion to strike count two of the plaintiffs complaint is denied.
 C Count Three: Res Ipsa Loquitur
The Jennings defendants seek to strike count three of the plaintiffs complaint because it does not state a valid cause of action. The Jennings defendants argue that the claim of res ipsa loquitur in count three should be stricken because it is asserting the same cause of action as count one. The plaintiff reasons that the complaint is used to set forth one cause of action and the separate counts of the complaint assert various theories of recovery based upon the main cause of action.
The plaintiffs interpretation of the term "cause of action" is wrong. Practice Book § 138 states in pertinent part that "[w]here separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words Second Count, and so on for the others." (Emphasis in original.) According to the Practice Book, each count of the complaint states a separate cause of CT Page 5806 action, not a separate claim for relief.
Res ipsa loquitur "is but a specific application of the general principle that negligence can be proved by circumstantial evidence." (Internal quotation marks omitted.) Giles v. NewHaven, 228 Conn. 441, 446, 636 A.2d 1335 (1994). It is not a separate cause of action. The Superior Courts that have dealt with a motion to strike a count of res ipsa loquitur in a complaint that also contains a count of negligence have granted the motion. Scace v. Hartford Hospital, Superior Court, judicial district of New London at New London, Docket No. 532378 (December 15, 1995, Hurley, J.); Blackburn v. Miller-Stephenson ChemicalCo., Superior Court, judicial district of Danbury, Docket No. 314089 (January 12, 1995, Stodolink, J.) (13 Conn. L. Rptr. 364);Estate of Shrader v. Alt. Coast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301114 (June 28, 1993, Fuller, J.); Estate of Just v. Aparo, Superior Court, judicial district of Middletown, Docket No. 65339 (April 27, 1993, Higgins, J.) (8 C.S.C.R. 542). Those Superior Courts have reasoned that the motion to strike should be granted "[s]ince it is not necessary to allege the elements of res ipsa loquitur in order to rely upon them, and since a plaintiff does not waive the right to rely upon the doctrine by pleading specific acts of negligence." (Emphasis in original.) Blackburn v. Miller-StephensonChemical Co., supra, 13 Conn. L. Rptr. 364. As such, the Jennings defendants' motion to strike count three of the complaint is granted.
 D Count Five: Trespass
The fifth count of the plaintiffs complaint alleges trespass. The Jennings defendants move to strike this count because it does not allege a forcible entry onto the plaintiff's land. The plaintiff contends that forcible entry is not a requirement for a claim of trespass.
The court in Blackburn v. Miller-Stephenson Chemical Co.,
supra, 13 Conn. L. Rptr. 364, held that "forcible entry need not be alleged in order to make out a legally sufficient trespass claim." This court agrees with that decision. The Jennings defendants' motion to strike count five of the complaint is denied. CT Page 5807
 E Count Six: Strict Liability for Ultrahazardous Activity
The Jennings defendants move to strike count six of the plaintiff's complaint on the ground that it "fails to state a claim upon which relief can be granted because the storage of gasoline in an underground tank is not an ultrahazardous activity." Motion To Strike Second, Third, Fifth And Sixth Counts of The Complaint On Behalf of Elizabeth Hite Jennings As Trustee For The Trust of Eunice Mallory Hite For The Benefit of Elizabeth Hite Jennings And Elizabeth Hite Jennings, # 105. The plaintiff requests that this court hold that the activity is an ultrahazardous one.
If an activity is held to be abnormally dangerous or ultrahazardous, synonymous terms in the law, then the perpetrator is strictly liable for any harm that activity causes. "Under this doctrine, a plaintiff is not required to show that his loss was caused by the defendant's negligence. It is sufficient to show only that the defendant engaged in an ultrahazardous activity that caused the defendant's loss." Green v. Ensign-Bickford Co.,25 Conn. App. 479, 482, 595 A.2d 1383 (1991).
"The issue of whether an activity is abnormally dangerous . . . is a question of law for a court to decide."Green v. Ensign-Bickford Co., supra, 25 Conn. App. 485. In Connecticut, two similar tests for whether an activity deserves strict liability treatment have been advanced. The Appellate Court has stated that "[t]he factors for a court to consider in determining whether an activity is abnormally dangerous are listed in § 520 of [volume 3 of the Restatement (Second) of Torts (1977)] as: (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes."' Id., 486. The Connecticut Supreme Court has held that in order "[t]o impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that CT Page 5808 the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed."Caporale v. C. W. Blakeslee Sons, Inc., 149 Conn. 79, 85,175 A.2d 561 (1961).
This court will use the test articulated by the Appellate Court in Green v. Ensign-Bickford Co., supra, 25 Conn. App. 485. The Green test is more recent and allows the court to use the Restatement (Second) of Torts for interpretation, if necessary. Further, it does not conflict with the Supreme Court's version of the test, as it appears to be a more detailed version of that test. See The Connecticut Water Co. v. Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (March 4, 1996, Corradino, J.) (16 Conn. L. Rptr. 213).
Although the potential harm from the storage of gasoline in an underground tank is great, that is the only ultrahazardous attribute which this activity displays. The degree of risk is not particularly high, as compared to that of blasting or pile driving; the two other activities held by the Connecticut Supreme Court to be ultrahazardous. See Whitman Hotel Corp. v. Elliot Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591 (1951) (extending liability for blasting to vibration damage); see alsoCaporale v. C. W. Blakeslee Sons, Inc., supra, 149 Conn. 79
(holding that pile driving is an ultrahazardous activity). This activity is a matter of common usage in both residential and commercial areas, due to the great value of having a gasoline fueling station near any area through which gasoline powered vehicles must travel. Lastly, there is no evidence that the risks created by this activity cannot be eliminated by the exercise of reasonable care. Therefore, the storage of gasoline in an underground tank is not an ultrahazardous activity. Accordingly, the Jennings defendants' motion to strike count six of the plaintiffs complaint is granted.
MINTZ, J.