[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPORTIONMENT DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs, Kimberly Mayfield and her son Malcolm, Mayfield, brought this action by way of a complaint dated August 9, 1996 against Aldo Colagiovanni ("Colagiovanni"), alleging that the minor plaintiff was exposed to lead-based paint when he resided at 193-195 Forest Road, West Haven, Connecticut, premises alleged to be owned by Colagiovanni, from August 1, 1993 through August 31, 1994. By way of an apportionment complaint dated December 30, 1996, Colagiovanni impleaded, among others, the moving party DJM, Inc. ("DJM"), which owned 36 Legion Avenue, New Haven, Connecticut from November 1, 1994 through November 1, 1995 when the plaintiffs resided there. By way of a pleading dated February 24, 1997, the plaintiffs adopted Colagiovanni's apportionment claims against DJM and the others. The substance of the claims against DJM is that the minor plaintiff was exposed to lead paint during his tenancy at DJM's premises.
DJM has filed two identical motions (#122 and #123) for summary judgment as to Colagiovanni's claims and the plaintiffs' claims on the ground that it never received notice of any defective paint surfaces at the Legion Street property. "Practice CT Page 7211 Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). Neither Cologiovanni nor the plaintiffs has filed anything in opposition.[1]
In support of its motions, DJM submitted the following documents:
— Affidavit of Arlene Davis, property manager for Renaissance Management, Inc., which is responsible for managing the Legion Avenue property. She states that the property was painted shortly before November 1, 1994 and was inspected at that time. A copy of the inspection report is included which indicates that all paint surfaces were intact, free from any chipping, cracking or peeling paint.
— Requests for admissions directed to the plaintiffs that the paint was intact at the beginning of the tenancy and the tenants never reported any problems with the paint. The plaintiffs did not respond, so these facts are deemed admitted. Practice Book § 239, now Practice Book § (1998 Rev.) § 13-23.
— Affidavit of Wendell Harp, the sole owner of DJM, testifying that no one associated with DJM ever received notice that the building at 36 Legion Avenue contained lead paint.
In Payne v. Candelora, 45 Conn. Sup. 191, 195 (1998), this court concluded that when the sole claim against a landlord is that the plaintiff is exposed to lead-based paint during the course of the tenancy, under Gore v. People's Savings Bank,235 Conn. 360, 384-85, 665 A.2d 1341 (1995) and Gore v. People'sSavings Bank, 40 Conn. App. 219, 224 n. 5, 670 A.2d 332 (1996), the landlord can only be held liable if the landlord received CT Page 7212 actual notice of the defective condition and an opportunity to correct it. These facts must be pled and proved. See alsoCampbell v. Diduca, Superior Court, judicial district of New Haven, Docket No. 371943 (Mar. 14, 1997, Lager, J.); Sanchez v.General Urban Corp., Superior. Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.).
There are no allegations against DJM that it had actual notice of any defective lead-based paint, or, indeed, any other defective lead-based materials, during the plaintiffs' tenancy. The undisputed facts are that shortly before the plaintiffs occupied DJM's premises, the apartment was freshly painted. An inspection revealed that all painted surfaces were intact and free from any chipping, cracking or peeling paint. The plaintiffs are deemed to admit these facts as well as not notifying DJM of any defects regarding the paint. Finally, no one associated with DJM ever received actual notice that the building at 36 Legion Avenue contained lead paint.
As there is no genuine issue of material fact that the apportionment defendant DJM received actual notice of a defective lead paint condition during the plaintiffs' tenancy, or indeed at any time, summary judgment should enter in its favor on both the claims of Colagiovanni and the plaintiffs. Accordingly, the motions for summary judgment (#122 and #123) are granted.
LINDA K. LAGER, JUDGE