[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a civil action in which Kayron Bland and Adam Bland, minor children, seek to recover damages for personal injury due to alleged exposure to toxic levels of lead while they resided in two apartments located in Meriden, Connecticut. This motion for summary judgment is brought by the defendant Frank Moriarity, a co-owner of premises located at 80 Sherman Avenue, Meriden, Connecticut, which is the subject of the first through tenth counts of the second revised complaint (complaint). Moriarity contends that he is entitled to judgment as a matter of law, on all the counts of the complaint against him, because there is no genuine issue of fact that he knew or should have known there was lead paint on the premises.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of CT Page 15138 any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roina,38 Conn. App. 240, 244, 659 A.2d 1226, cert. denied,235 Conn. 915, 665 A.2d 609 (1995). In this case, both sides have submitted affidavits and documentary evidence in support of and in opposition to the motion for summary judgment.
The following facts are undisputed: Clarissa Bland (Bland) and her minor children, Kayron and Adam, lived in the second floor apartment of 80 Sherman Avenue, Meriden, Connecticut, moving out in January, 1994.[1] Adam was born on October 16, 1990; Kayron was born on November 12, 1992. The defendant James Moriarity (Moriarity) co-owned 80 Sherman Avenue with one James Sullivan, who is not a defendant in this action.
On October 8, 1992, the apartment was inspected by Hartconn Associates, under the federal Section 8 housing program, and was rated as having failed the Section 8 minimum housing standard. The section 8 form, defendant's exhibit B attached to his motion, states that the reason for the "fail" rating is that the "apartment must be scrapped [sic] and painted." Bland's signature appears on this document. Hartconn sent a letter to Moriarity dated October 10, 1992 indicating that "all defective paint must be removed from apartment." According to Bland's affidavit, plaintiffs' exhibit A, Moriarity scraped and painted parts of her apartment around this time. Moriarity also received orders from the Housing Division, Meriden Department of Buildings, directing him to refurbish window sills in the front bedroom and refurbish the ceiling in the bathroom of the second floor apartment at 80 Sherman Avenue. These orders were issued in June, August, September and October, 1991. Defendant's exhibit C. Moriarity complied in February 1992 and the city issued a two-year certificate of compliance to him for the second floor apartment dated February 21, 1992. According to Bland's affidavit, she recalls that the front window sills and bathroom ceiling were painted in February 1992. In November, 1993, the city issued CT Page 15139 another two-year certificate of compliance for the second floor apartment, based on an inspection conducted on October 26, 1993 which described the apartment's condition as good. Defendant's exhibit C.
In 1983, before Moriarity owned the building, the Meriden Housing Division took a paint sample from the second floor unit, rear hallway, at 80 Sherman Avenue and sent it for testing at the state health department. The lead content of the sample was 1.95 per cent and the prior owner was notified that this was in violation of the Meriden Housing Code. This document was contained in the housing division file regarding 80 Sherman Avenue and is part of defendant's exhibit C.
In November, 1993, Adam and Kayron tested positive for the presence of lead in their blood.[2] Moriarity did not know of the test results. In December, 1993, Bland began to seek new housing and in February, 1994, she moved out of Sherman Avenue.
The parties in this case agree that "liability of a landlord for damages resulting from a defective condition in an area over which the landlord exercises control generally depends upon proof that the landlord received either actual or constructive notice of the condition prior to the time of the plaintiff's injuries."Gore v. People's Savings Bank, 235 Conn. 360, 373, 665 A.2d 1341
(1995). This court has previously held that "[t]he burden of proving notice is allocated differently depending on whether it is alleged that the condition arose prior to or after the tenancy began. If it is alleged that the condition arose prior to the tenancy, then the landlord is charged with constructive notice and must then plead and prove lack of notice. If, however, it is alleged that the condition arose after the tenancy began, then the burden is on the plaintiff to plead and prove that the landlord had actual notice of the condition and an opportunity to correct it. Gore v. People's Savings Bank, 40 Conn. App. 219,224, n. 5, 670 A.2d 332 (1996) [Gore II]." Payne v. Candelora,45 Conn. Sup. 191, 194-95, 706 A.2d 22 (1998).
Moriarity claims that the complaint in this case falls in the latter category and maintains that it only alleges a lead paint condition that arose during the tenancy. While the complaint is certainly not a model of clarity, it can be read to allege constructive notice. The operative allegations of fact are contained in the first count of the complaint. The plaintiffs allege that during the tenancy there was lead paint on the CT Page 15140 premises, ¶ 6, which was "cracked, chipped, blistered, flaked, loosened, peeled and deteriorated, and caused hazardous particles and dust," ¶ 8, and that the levels of lead were toxic, ¶ 7, "thereby constituting a serious health hazard" on "interior and exterior" surfaces, ¶ 8. In addition, the complaint alleges that Moriarity "knew or in the exercise of reasonable care should have known of the hazardous and dangerous conditions in the lead paint," ¶ 9, because the "conditions existed for a sufficient period of time," ¶ 10. Read in the light most favorable to the non-moving party, this last allegation can support a claim that a hazardous lead condition existed at the inception of the tenancy, on interior and exterior surfaces.
The undisputed facts provide an evidentiary foundation that is sufficient to raise a genuine issue of material fact regarding constructive notice. A party may rely upon circumstantial evidence to establish constructive notice. Cruz v. Drezek,175 Conn. 230, 235-36, 397 A.2d 1335 (1978); see Kurti v. Becker,54 Conn App. 335, 339, ___ A.2d ___ (1999). Whether a landlord has constructive notice of a specific defective condition depends on whether it has existed for such a length of time that the landlord, in the exercise of due care, should have discovered it and remedied it. See Pollack v. Gampel, 163 Conn. 462, 469,313 A.2d 73 (1972).
With respect to the interior of the second floor apartment in which the plaintiffs resided, it is undisputed that it failed a Section 8 inspection in October 1992, because there was defective paint and that Moriarity scraped and painted the apartment at that time.[3] There is also evidence that, in 1991, Moriarity was directed to refurbish window sills and a ceiling in the same apartment and that, after repeated notifications, he finally did the work in February, 1992. Furthermore, there is evidence that, in 1983, a paint sample from the second floor, rear hallway, contained lead in excess of that permitted by law and that this information was on file with the Meriden Department of Buildings, Housing Division. This is a sufficient evidentiary foundation to raise a genuine issue regarding whether Moriarity had constructive notice of lead paint on the premises. Moriarity maintains, however, that there is no evidence from which constructive notice of the existence of lead paint can be inferred because the section 8 inspection reports, other than the one from October, 1992, passed the apartment for lead paint and the City of Meriden issued certificates of compliance allowing him to rent the second floor apartment. Whether Moriarity's CT Page 15141 reliance on these inspections[4] was reasonable must be determined by the trier of fact.
Accordingly, since there is a genuine issue of material fact regarding constructive notice, the defendant Frank Moriarity's motion for summary judgment is denied.
LINDA K. LAGER, JUDGE