[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Anne and George Walker, ("Plaintiffs"), are owners of real property, ("Property"), located at 30 Peach Hill Road in Darien, Connecticut. The property was formerly owned and sold to the plaintiffs by the defendants, Barbara and David Barrett, ("defendants"). The gravamen of the plaintiffs' complaint is that the defendants, prior to conveying the property to the plaintiffs, concealed sewage system problems with the property by running a pipe from an allegedly failing septic system to a storm drain, thereby emitting waste into the storm drain. Moreover, the plaintiffs contend that the defendants allegedly checked off the "no" box in a disclosure statement which specifically asked if there were any sewage system problems with the property. The plaintiffs allege that they relied on the aforementioned representation in executing the contract for purchase of the property. The plaintiffs are now allegedly faced with replacing the septic system as per a Health Department order.
In their amended complaint the plaintiffs allege causes of action for fraudulent misrepresentation (count one), negligent misrepresentation (count two), unjust enrichment (count three), breach of the Connecticut Unfair Trade Practices Act, ("CUTPA") (count four), negligence per se (count five), private nuisance (count six), and a violation of General Statutes § 22a-452
(count seven). The defendants now move to strike counts four through seven of the plaintiffs' amended complaint.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,
supra, 231 Conn. 383 n. 2; see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). Moreover, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). CT Page 14622
Count Four
The defendants argue that count four of the plaintiffs' amended complaint sounding in CUTPA should be stricken because CUTPA does not apply to the one time sale of property as between two parties not engaged in the business of selling real estate. The plaintiffs argue in opposition that, as correctly noted by the defendants, there is a split of authority as to the issue of CUTPA's applicability to the one time sale of houses by people not engaged in the business of selling real estate. Moreover, both parties acknowledge that the Connecticut Appellate Court has yet to rule on this issue.
This court aligns itself with those Superior Court decisions which have held that a single act will not constitute a CUTPA violation if the actor is an individual not engaged in a trade or business, such as situations involving the one time sale or rental of a house by an individual not engaged in the business of selling or renting houses. See Boyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 27, 1998, Lewis, J.); McCarthy v. Fingelly,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz, J.) (6 C.S.C.R. 623);Skinner v. Till, Superior Court, judicial district of New London at New London, Docket No. 514857 (April 16, 1991) (6 C.S.C.R. 511); but see Jamison v. Artinian, Superior Court, judicial district of New London at New London, Docket No. 507709 (March 28, 1989, Hendel, J.) (4 C.S.C.R. 387) (finding that CUTPA should be construed liberally to include causes of action for the one time sale of houses by persons not engaged in the trade or business of selling houses).
In Boyce v. Canby, supra, Superior Court, Docket No. 153623, the court found that "an isolated private sale of real estate by one not in the business of doing so, is not encompassed within the trade or commerce language of the CUTPA statute § 42-110b." (Internal quotation marks omitted.) Moreover, "[i]n order to allege a CUTPA violation properly, the plaintiff must allege,inter alia, that the acts complained of were performed in a `trade or business.' See General Statutes § 42-110b; WebPress Services Corporation v. New London Motors, Inc.203 Conn. 342, 354, 525 A.2d 57 (1987)." Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660, 669, 613 A.2d 838 (1992). Here, the plaintiffs have made no allegations that the defendants were CT Page 14623 engaged in the trade or business of selling real estate. Further, no facts have been alleged which show that the defendants habitually bought and sold houses for profit as one would do in a business. Consequently, the plaintiffs have not pled a sustainable CUTPA cause of action. The defendants motion to strike count four is, therefore, granted.
Count Five
The defendants correctly argue that count five of the plaintiffs' amended complaint sounding in a violation of General Statutes § 22a-427 should be stricken because a private right of action is impermissible pursuant to the statute.[1] The plaintiffs argue in opposition that an allegation of negligence per se is a recognized exception to the rule not allowing a private right of action pursuant to General Statutes §22a-427. Consequently, the issue presented is not whether a private right of action is sustainable pursuant to § 22a-427, but rather, whether a private right of action is sustainable when negligence per se is alleged.
There is a split of authority as to cases sustaining negligence per se actions pursuant to General Statutes §22a-427. Some Superior Courts have rigorously applied a two-prong test finding a negligence per se action sustainable pursuant to the statute where inter alia allegations of state water pollution have been made. See Goodrich v. Jennings, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150074 (May 22, 1997, Mintz, J.) (19 Conn. L. Rptr. 544). "In order to utilize the principle of negligence per se the plaintiffs must satisfy a two-prong test: (1) that the plaintiffs were within the class of persons protected by the statute; and (2) that the injury suffered is of the type that the statute was intended to prevent." (Internal quotation marks omitted.) Id. See also Connecticut Light Power Co. v. Knight, Superior Court, judicial district of Windham at Putnam, Docket No. 033646 (June 16, 1988, Noren, J.) (3 C.S.C.R. 600) (finding a cause of action for negligence per se sustainable under § 22a-427 where the persons are within the class of persons the statute intended to protect and where the injury suffered is that which the statute intended to prevent); but see The Connecticut Water Co. v.Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (March 4, 1996, Corradino, J.) (16 Conn. L. Rptr. 213) (finding that a violation of § 22a-427
does not constitute negligence per se). CT Page 14624
In this case the plaintiffs have alleged sufficient facts to satisfy the two prong test necessary to bringing a negligence per se action. First, as inhabitants of the state the plaintiffs are within the class of persons protected by the statute. SeeGoodrich v. Jennings, supra, Superior Court, Docket No. 150074. Second, the statute is aimed at protecting the citizens of this state from the alleged injury, namely the contamination of state water through septic tank overflow into the storm drain. Consequently, the plaintiffs have properly pled a sustainable negligence per se cause of action pursuant to § 22a-427. The defendants' motion to strike count five is, therefore, denied.
Count Six
The defendants argue that count six of the plaintiffs' amended complaint sounding in nuisance should be stricken because causes of action sounding in private nuisance only apply as to neighboring property. The plaintiffs argue in opposition that causes of action sounding in private nuisance are not limited to situations involving neighboring property and, in fact, can be maintained by a successor in interest against the predecessor in interest.
Connecticut state law is clear that causes of actions sounding in nuisance are limited to recovery for damages caused by an activity on neighboring land. See Wiehl v. DictaphoneCorporation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306492 (January 13, 1994, Maiocco, J.) (10 Conn. L. Rptr. 591); B D Molded Products v. Vitek Research,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 060362 (August 17, 1998, Corradino, J.). The plaintiff, however, cites to two federal cases which reasoned that a private nuisance action is sustainable against a predecessor in interest where, defects in the property are not discoverable through reasonable inspection and the predecessor in interest is chargeable with knowledge of the defect. SeeCornerstone Realty, Inc. v. Dresser Rand Co., 993 F. Sup. 107, 113
(D.Conn. 1998); Nielsen v. Sioux Tools, Inc., 870 F. Sup. 435, 443
n. 12 (D.Conn. 1994). This court is, however, reluctant to apply the federal courts' reasoning to the present set of facts because the court, in both cited federal cases, ultimately found that the specific facts in their cases did not warrant an exception to the general rule requiring that a nuisance action be brought against an occupier of neighboring land. Absent further guidance by the CT Page 14625 federal courts in Connecticut, this court confines its ruling on the issue to established Connecticut state law which holds that actions in nuisance can only be brought against persons occupying neighboring land. See Wiehl v. Dictaphone Corporation, supra, Superior Court, Docket No. 306492; B D Molded Products v. VitekResearch, supra, Superior Court, Docket No. 060362. The defendants' motion to strike count six is, therefore, granted.
Count Seven
The defendants argue that count seven of the plaintiffs' amended complaint sounding in violation of the Water Pollution Control Act, ("WPCA"), General Statutes § 22a-452, should be stricken because § 22a-452 does not provide reimbursement for the cleanup of domestic sewage. The plaintiffs argue in opposition that domestic sewage is hazardous waste pursuant to the statute, therefore, entitling them to recovery.
General Statutes § 22a-452 (a) provides in relevant part that "[a]ny person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm, or corporation . . . if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation."
"In construing a statutory provision, [the court] first look[s] to its language, and if that language is plain and unambiguous, [the court] need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature." (Internal quotation marks omitted.) Samperi v. Inland Wetlands Agency, 226 Conn. 579, 590,628 A.2d 1286 (1993). Here, it is clear that General Statutes § 22a-452 has nothing to do with domestic sewage. A survey of the cases discussing § 22a-452 has revealed that no court has applied the statute to cases involving domestic sewage. The terms discussed in the statute are sui generis with dangerous chemicals that require highly specialized disposal and not regular domestic sewage. Moreover, this court is unwilling to extend the meaning of § 22a-452 to include domestic sewage because no mention of CT Page 14626 domestic sewage is made in the legislative history to the statute. The defendants' motion to strike count seven is, therefore, granted.
In summary, the defendants' motion to strike is granted as to counts four, six and seven, but denied as to count five.
So Ordered.
D'ANDREA, J.