[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKEi
The defendants move to strike the plaintiff s complaint on the ground that governmental immunity bars the cause of action.
On March 19, 1996, the minor plaintiff, Parris Matthews, was seriously injured when a car owned and operated by parties not named in this action struck him as he attempted to cross Oakwood Avenue while walking to school. (Counts one through five, ¶¶ 5-6.) The plaintiff, a student at Charter Oak School in West Hartford was "subject to the provisions of Conn. Gen. Stat. §10-184, which mandates that all children between the ages of seven and fifteen attend school." (Counts one through five, ¶¶ 2-3.) The plaintiff "walked to and from Charter Oak School in accordance with the established policy of the Town of West Hartford and its Board of Education." (Counts one through five, ¶ 4.)
The plaintiff, by and through his mother, natural guardian and next friend brought this action against several municipal defendants, alleging that "[t]he injuries incurred by the minor plaintiff were caused by the negligent and careless failure of [the defendants] to safeguard an identifiable class of school children, including the minor plaintiff, from foreseeable harm while on their way to and from school along Oakwood Avenue." (Counts one through five, ¶¶ 1, 7.) More specifically, the complaint alleges that the defendants were careless and negligent in that they "failed to protect an identifiable class of students, including the minor plaintiff, from the ongoing dangers of the traffic along the streets north of Charter Oak School, although they had specific notice of the conditions and knew or should have known of the continuing threat to said individuals, including the plaintiff. . . ." (Counts one through five, ¶ 8.)
The defendants move to strike the complaint in its entirety on the ground that the doctrine of governmental immunity bars the cause of action against all defendants, and, as such, the complaint fails to state a claim upon which relief may be granted. The defendants argue that all of "[t]he allegedly negligent acts of the municipal Defendants fall squarely within the supervisory/discretionary ambit." (Defendants' Memorandum. p. 4.) The defendants therefore conclude that they are entitled to qualified immunity for negligent performance of discretionary duties. (Defendants' Memorandum. p. 4.)
The plaintiff concedes that the alleged negligent acts are CT Page 2520 discretionary in nature. (Plaintiff's Memorandum, pp. 5-6.) The plaintiff, however, opposes the motion to strike on the ground that he sufficiently alleges the "identifiable person/imminent harm" exception to governmental immunity for discretionary acts. (Plaintiff's Memorandum, p. 6.)
A motion to strike is the proper vehicle for resolving the issues of whether a cause of action is barred by governmental immunity and whether an exception to governmental immunity is sufficiently pleaded. See Heigl v. Board of Education,218 Conn. 1, 2-3, 587 A.2d 423 (1991); Evon v. Andrews, 211 Conn. 501,502-504. 559 A.2d 1131 (1989); Bonamico v. Middletown,49 Conn. App. 605, 713 A.2d 1291 (1998); Stultz v. Larosa, Superior Court, judicial district of Tolland at Rockville, Docket No. 56704 (August 8, 1997, Klaczak, J.). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152 [now §10-39]. The role of the trial court [is] to examine the [complaint]. construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action.' Napolentano v. CIGNA Healthecare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996)."Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210. 215, 618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269. 271, 709 A.2d 558 (1998). "[T]he facts alleged are viewed in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Internal quotation marks omitted.)Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc.,20 Conn. App. 253, 257, 566 A.2d 431 (1989).
"`Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. Evon v.Andrews, [supra, 211 Conn. 505]; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 165, 544 A.2d 1185 (1988). The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] CT Page 2521 municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act. as opposed to a discretionary act.'" Purzycki v. Fairfield, 244 Conn. 101, 107. 708 A.2d 937
(1998), quoting Burns v. Board of Education, 228 Conn. 640, 645,6, 8 A.2d 1 (1994).
The plaintiff concedes that any duty owed by the defendants to him was discrehonary, not ministerial, in nature. (Plaintiff's Memorandum. p. 5-6.) Therefore, in order to prevail, the plaintiff's complaint must allege sufficiently one of the exceptions to a municipal employee's qualified immunity for discretionary acts. See Purzycki v. Fairfield, supra,244 Conn. 108; Burns v. Board of Education, supra, 228 Conn. 645. "`Our cases recognize three such exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second. where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.'"Purzycki v. Fairfield, supra 244 Conn. 108, quoting Burns v.Board of Education, supra, 228 Conn. 645, and Evon v. Andrews, supra, 211 Conn. 505.
The only exception relevant to the present case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person.[1] The Supreme Court has" construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims.' Burns v. Board of Education, supra,228 Conn. 646." Purzycki v. Fairfield, supra, 244 Conn. 108-09. Whether this exception applies to the present action requires discussion of three Connecticut Supreme Court cases. Evon v.Andrews, supra, 211 Conn. 501, Burns v. Board of Education, supra, Conn. 620. and Purzvcki v. Fairfield, supra.244 Conn. 101.
In Evon v. Andrews, supra 211 Conn. 501, the plaintiffs' decedents were killed when a fire destroyed their residence, a multifamily rental unit. The plaintiffs alleged that the site of the fire contained numerous conditions that violated various state and local regulations and building codes and that the defendant town and municipal officials were negligent in failing CT Page 2522 to inspect the premises and enforce the regulations and codes. The Supreme Court upheld the trial court's granting of a motion to strike on the ground that the action was barred by governmental immunity, rejecting the plaintiffs' claim that the "identifiable person/imminent harm" exception applied. The Supreme Court reasoned: "The risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons'. . . . Furthermore, the plaintiffs' decedents were not subject to `imminent harm'. . . . [T]he fire could have occurred at any future time or not at all. . . . [T]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." (Citations omitted: internal quotation marks omitted.) Id., 508.
In Burns v. Board of Education, supra. 228 Conn. 640, the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus. The Supreme Court reversed the trial court's granting of partial summary judgment for the municipal defendant[s based on governmental immunity. In deciding that the "identifiable person/imminent harm" exception applied, the court reasoned: "Unlike the incident in Evon v. Andrews, supra. 211 Conn. 501. this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable. Under these circumstances . . . the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds. and accordingly governmental immunity is no defense." Burns v. Board of Education, supra. 650.
In Purzycki v. Fairfield, supra, 244 Conn. 101, the plaintiffs sued the Board of Education and the school principal for injuries sustained by the plaintiff school child when he was tripped by a fellow student in an unsupervised school hallway. It was school policy to leave the hallway unmonitored during a one-half hour lunch period recess, during which time students were dismissed from the lunchroom to traverse the hallway on their way to recess. These facts, the Supreme Court concluded, were more analogous to Burns v. Board of Education, supra,228 Conn. 640, than to Evon v. Andrews, supra. 211 Conn. 501. The CT Page 2523 Supreme Court reasoned: "In Burns, it was critical to our conclusion that governmental immunity was not a defense that the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable.' Burns v. Board of Education, supra,228 Conn. 650. Similarly, the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision." Purzycki v. Fairfield, supra, 110. Finally, the court noted that the rise of harm was significant and foreseeable in that "school administrators were aware that unsupervised children are more likely to run and engage in horseplay leading to injuries." Id., 111. Therefore, the court concluded that "because the school administrators here had reason to foresee the danger that could occur on a daily basis, the harm in the present case was not as remote a possibility as was the harm in Evon." Id. Following Burns v. Board of Education, supra,228 Conn. 640, the Supreme Court decided that "the jury reasonably could have found a foreseeably dangerous condition that was limited in duration and geographical scope" and reversed the trial court's judgment for the defendants notwithstanding the verdict.[2] Purzycki v. Fairfield, supra, 110.
The present action before the court is more similar factually to Purzycki v. Fairfield, supra, 244 Conn. 101, and Burns v.Board of Education, supra, 228 Conn. 640, than it is to Evon v.Andrews, supra, 211 Conn. 501. In Burns v. Board of Education, supra, the danger was limited to the duration (i.e. while the icy patch remained) of the temporary condition (i.e. the unsanded, unsalted icy patch) in a limited geographical area (i.e. a particularly "treacherous" area of the school campus), and the potential for harm was significant and foreseeable (i.e. school officials knew or should have known of harm likely to result from a fall on ice). Similarly, in Purzycki v. Fairfield, supra, the danger was limited to the duration (i.e. one-half hour) of the temporary condition (i.e. lack of supervision) in a limited geographical area (i.e. the hallway), and the potential for harm was significant and foreseeable (i.e. school administrators were aware, as the principal's testimony indicated that unsupervised children are more likely to run and engage in horseplay leading to injuries). Likewise, in the present case, the plaintiff alleges a danger that was limited in duration (i.e. while the CT Page 2524 plaintiff and other students in accordance with the policy walked to and from school); a temporary condition (i.e. lack of supervision[3]); a limited geographical area (i.e. the streets surrounding Charter Oak School located within the distance from the school that those students subject to the policy must walk); and a harm that was significant and foreseeable (i.e. the defendants "had specific notice of the conditions," namely, the "dangers of the traffic along the streets north of Charter Oak School," and "knew or should have known of the continuing threat to" the plaintiff and other walking students). Moreover, the allegations of the complaint sufficiently identify a class of foreseeable victims, namely, those students who, in accordance with the policy, must walk to and from Charter Oak School along the streets surrounding the school. Therefore, because it is sufficiently alleged that the defendants in this case "had reason to foresee the danger that could occur [to an identifiable class of school children] on a daily basis, the harm in the present case was not as remote a possibility as was the harm in Evon [v.Andrews, supra, 211 Conn. 501]." Purzvcki v. Fairfield, supra244 Conn. 111.
The defendants attempt to factually distinguish Purzvcki v.Fairfield, supra, 244 Conn. 101, from the present action with the fact that the plaintiffs injuries in Purzvcki v. Fairfield, supra, occurred on school premises. (Defendants' Memorandum, pp. 13-14.) The Supreme Court stated in Purzycki v. Fairfield, supra, 109, that "we have established specifically that school children who are statutorily compelled to attend school, during schoolhours on school days, can be an identifiable class of victims." (Emphasis added.) Similarly, the Supreme Court stated in Burns v.Board of Education, supra, 228 Conn. 649, that "[a]t least duringschool hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." (Emphasis added.)
The above statements by the court do not set forth a requirement that a plaintiff's injuries must occur on school premises in order for municipal defendants to face liability under the "identifiable person/imminent harm" exception. Rather, these statements serve to emphasize the fact that in bothPurzycki v. Fairfield, supra, and Burns v. Board of Education, supra, the presence of the plaintiff schoolchildren at the particular locations where they were injured was not voluntary, CT Page 2525 in that they were statutorily compelled to attend school and comply with school rules and policies. See Burns v. Board ofEducation, supra, 649. The dispositive fact in the present case, then, is that the presence of the plaintiff as a pedestrian at the location on Oakwood Avenue where he was injured was notvoluntary, but rather the result of a combination of two facts: (1) he was statutorily compelled to attend school, and (2) he was complying with the established municipal policy that he walk to and from the school. Where both of these facts are pleaded, as they are in this case,[4] the fact that the injury did not occur on school premises, standing alone, is not sufficient to abrogate the municipal defendants' liability for failing to act to prevent the risk of imminent harm foreseeably resulting from the maintenance of a policy which exposes an identifiable class of schoolchildren to dangerous and threatening traffic.
"In sum, the test for the imminent harm exception is whether there was `a foreseeably dangerous condition that was limited in duration and geographical scope.' Purzycki v. Fairfield, supra,244 Conn. 110." Swanson v. Greenwich Board of Education, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143269 (April 7, 1998, D'Andrea, J.). The plaintiff sufficiently alleges a dangerous condition, namely. that "an identifiable class of students, including the minor plaintiff," walked to school amidst the "ongoing dangers" and "continuing threat" of traffic. (Counts one through five, ¶ 8.) Moreover, the plaintiff sufficiently alleges that this dangerous condition was foreseeable in that the defendants "had specific notice of the conditions and knew or should have known of the continuing threat to" the plaintiff and other walking students. (Counts one through five, ¶ 8.) Finally, the plaintiff sufficiently alleges a foreseeably dangerous condition that was limited in duration to "while [the plaintiff and other walking students were] on their way to and from school" and limited in geographical scope to an area described as "the streets surrounding Charter Oak School" "the streets north of Charter Oak School," and "the streets which intersect with Oakwood Avenue north of Charter Oak School" which the plaintiff and other walking students would traverse to get to school. (Counts one through five, ¶¶ 7-8.)
 CONCLUSION
For the foregoing reasons, the defendants' motion to strike the plaintiff's complaint on the ground that it is barred by CT Page 2526 governmental immunity is denied.
________________________________ Hennessey, J.